HOLOP, APPELLANT, *v.*
HOLOP, APPELLEE.

(No. 55742—Decided
September 18, 1989.)

*Wargo, Wargo & Walters, John J. Wargo, Jr.* and *M. Cherie Verrell,* for appellant Albert Holop.

*Lavelle & Lavelle Co., L.P.A.,* and *Neal P. Lavelle,* for appellee Linda Holop.

HOFSTETTER, J. On April 2, 1980, the marriage of Albert Holop and Linda Holop was dissolved by a journal entry in the Cuyahoga County Court of Common Pleas, Domestic Relations Division. A separation agreement was incorporated into the trial court's April 2, 1980 journal entry. The terms of this separation agreement awarded wife-appellee custody of the couple's two minor children, child support, medical expenses for the children and alimony.

On November 3, 1987, appellee filed a motion to increase child support and a motion to show cause why appellant should not be held in contempt for nonpayment of medical expenses for the minor children. On November 19, 1987, the trial court scheduled a hearing on appellee's motions for February 5, 1988. On November 24, 1988, appellant filed a response to appellee's motion and a motion to modify visitation.

On January 21, 1988, appellee issued a subpoena *duces tecum* to appellant to appear at the February 5, 1988 hearing with his financial records. On January 28, 1988, appellant filed a motion for continuance of the February 5, 1988 hearing on the grounds appellant's counsel had a deposition in another case scheduled the same date as the motion hearing and appellant was presently paying increased child support due to the new child support guidelines.

On February 2, 1988, the trial court journalized an order denying appellant's motion for continuance. On February 5, 1988, appellee and her counsel appeared at the hearing on appellee's motions. Neither appellant nor his counsel was present at the hearing.

The referee conducted a full hearing on appellee's motions and subsequently made findings of fact, conclusions of law and recommendations to the trial court.

On February 8, 1988, the trial court journalized a *nunc pro tunc* entry denying appellant's motion for continuance of the February 5, 1988 hearing.

The referee's report was filed on March 18, 1988. The referee recommended that the trial court grant appellee's motion to show cause for appellant's failure to pay medical expenses for the minor children and order him to pay appellee $360 to reimburse her for such expenses. The referee also recommended the trial court grant appellee's motion to increase child support to $85 per week per child and order appellant to pay appellee $650 in attorney fees.

Appellant filed a timely objection to the referee's report on the ground, *inter alia,* appellant was not present at the hearing. In the objection to the referee's report, appellant's counsel alleged he filed his first motion for a continuance and relied on local court procedure to presume this motion would be granted. In an affidavit attached to the objection to the referee's report, appellant's counsel stated he did not receive a telephone call on February 5, 1988 notifying him the hearing would be held nor did appellant's counsel receive notice his motion for continuance had not been granted. Appellant's counsel also advised appellant that the motion for continuance would be granted. Thus, neither appellant nor his attorney attended the hearing on appellee's motions.

On April 18, 1988, the trial court overruled appellant's objections to the referee's report, granted appellee's motion to show cause and ordered appellant to pay appellee $360, granted appellee's motion to increase child support to $85 per week per child and

ordered appellant to pay appellee $650 in attorney fees. Appellant filed a timely notice of appeal assigning the following errors:

"I. The trial court abused its discretion and committed prejudicial error when it ignored the customary practice of the domestic relations court in routinely allowing first motions for continuance when it went forward with an *ex parte* motion hearing without the presence of appellant or his attorney despite a timely-filed first motion for continuance.

"II. The trial court abused its discretion and committed prejudicial error when it denied a first motion for continuance by *nunc pro tunc* entry at the time of the hearing.

"III. The trial court abused its discretion and committed prejudicial error when it considered evidence beyond appellant's mere absence from a motion hearing where appellant had filed a first motion for continuance and the court relied upon the representations of appellee's counsel to conduct an *ex parte* hearing.

"IV. By cumulative effect, the trial court committed prejudicial error to the appellant by denying appellant's rights to due process of law pursuant to the Fourteenth Amendment of the United States Constitution by permitting the hearing of February 5, 1988 to take place without appellant or his attorney present."

Appellant's assignments of error lack merit.

Appellant argues the trial court abused its discretion when it overruled his motion for continuance and held an *ex parte* hearing on appellee's motions.

Local Rule 3(B) of the domestic relations division provides in relevant part as follows:

"(B) Continuances. No case in which a date certain had been fixed for pretrial, trial, or hearing shall be passed without the authorization of the assigned judge. For good cause shown

a case awaiting trial may be continued provided a written motion is submitted to the judge not later than 7 days prior to the pretrial, trial, or hearing date. A copy of the motion must be served upon opposing counsel, or the opposing party if not represented, prior to submission to the assigned judge. If the case has been referred to a referee for hearing, the motion must be submitted to the referee for approval prior to submission to the judge.

"The motion shall state specifically the reason(s) for the continuance and shall set forth how many previous continuances were granted and at whose request. *If the motion is not granted by the assigned judge, the case shall proceed as originally scheduled.* \* \* \*" (Emphasis added.)

The granting or denying of a motion for continuance rests within the sound discretion of the trial court. *State* v. *Unger* (1981), 67 Ohio St. 2d 65, 67, 21 O.O. 3d 41, 43, 423 N.E. 2d 1078, 1080; *Touche Ross & Co.* v. *Landskroner* (1984), 20 Ohio App. 3d 354, 355, 20 OBR 459, 460, 486 N.E. 2d 850, 852. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219, 5 OBR 481, 482, 450 N.E. 2d 1140, 1142.

In the case *sub judice,* it is undisputed the hearing on appellee's motions was set for February 5, 1988 and that the parties were notified of this date in November 1987. The appellant filed a first motion for continuance on January 28, 1988. On February 2, 1988, the trial court journalized an order denying appellant's motion for continuance. The court's February 2 order is clearly reflected on the trial court's docket. Appellant and his counsel failed to appear at the February 5, 1988 hearing on the assumption the trial court would grant appellant's first motion for continuance.

Appellant's counsel contends he was not informed whether the trial court ruled upon his motion for continuance. Pursuant to Loc. R. 3(B) of the domestic relations division, if a motion for continuance is not granted or not ruled upon, the hearing would proceed as originally scheduled. See *Schwalm* v. *Schwalm* (Mar. 12, 1987), Cuyahoga App. No. 51490, unreported, at 5.

Furthermore, when the trial court journalized its denial of appellant's motion for continuance, appellant was given notice his motion was overruled. A journal entry by the trial court constitutes reasonable, constructive notice of the fact a motion has been ruled upon, especially since attorneys who have appeared in an action are expected to keep themselves informed of the progress of their case. *Ries Flooring Co.* v. *Dileno Constr. Co.* (1977), 53 Ohio App. 2d 255, 259, 7 O.O. 3d 320, 322, 373 N.E. 2d 1266, 1269.

Appellant knew the hearing on appellee's motion would proceed as originally scheduled if the trial court denied or did not rule upon the motion. Loc. R. 3(B); *Schwalm, supra.* Thus, appellant had the duty to inquire as to whether the trial court would grant his continuance. *Ries Flooring Co., supra.*

Considering the above, the trial court did not abuse its discretion when it denied appellant's motion for continuance and conducted an *ex parte* hearing on appellee's motions. Accordingly, appellant's assignments of error are not well-taken and are overruled.

*Judgment affirmed.*

J. V. CORRIGAN, P.J., and MARTIN, J., concur.

EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District, and WILLIAM J. MARTIN, J., of the Carroll County Court of Common Pleas, sitting by assignment.