ZASHIN, RICH, SUTULA & MONASTRA CO., L.P.A., Appellee,

v.

OFFENBERG, Appellant.

[Cite as *Zashin, Rich, Sutula & Monastra Co., L.P.A. v. Offenberg* (1993), 90 Ohio App.3d 436.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 63258, 63259.

Decided Sept. 7, 1993.

438

A. *Dale Naticchia* and *Laurence R. Snyder,* for appellee.

*Joseph G. Stafford,* for appellant.

---

DONALD C. NUGENT, Judge.

This is a consolidated appeal from the decision of the Cuyahoga County Court of Common Pleas which entered judgment in the amount of $30,513.74 following an *ex parte* trial on the complaint of plaintiff-appellee, Zashin, Rich, Sutula & Monastra Co., L.P.A., and upon an order denying the motion for relief from judgment filed by defendant-appellant, Nathan Offenberg.

Appellee initiated the present action through the filing of its complaint on May 22, 1991 for payment for legal services rendered. Appellant duly answered, and this cause proceeded accordingly. At a case management conference on July 23, 1991, a final pretrial conference and discovery cutoff were set for September 12, 1991. The pretrial was held as scheduled, and the following order was entered upon the journal:

"Trial set for 11–14–91 at 9:00 a.m. Trial briefs and complete jury instructions due seven days before trial."

On September 10, 1991, appellee filed its motion for leave to file for summary judgment and a motion for summary judgment. On September 17, 1991, the trial court entered the following order upon its journal:

"Plaintiff's motion for leave to file motion for summary judgment, filed 9–10–91, granted.   Defendant's brief in opposition due on or before 10–17–91.   No continuances."

Appellant filed his opposition brief along with a motion to extend time for discovery on October 17, 1991.   The trial court, in a journal entry dated October 21, 1991, entered the following order:

"Defendant's motion for extension of time, filed 10–17–91, granted in part. Defendant shall present necessary documentation to oppose motion for summary judgment on or before 11–1–91.   Please handwalk copy to court.   Defendant notified of ruling by phone."

On October 23, 1991, appellant filed a motion for continuance, which the trial court denied in the following journal entry dated October 30, 1991:

"Defendant's motion for continuance, filed 10–23–91, denied.   Defendant's counsel notified by phone."

On the date of trial, November 14, 1991, the trial court continued the case in the following order entered upon the journal on November 14, 1991:

"Court in trial.   Trial reset to 1–10–92 at 9:00 a.m.   Plaintiff's motion for summary judgment, filed 9–10–91, granted.   Trial on 1–10–92 will be limited to damages."

Thereafter, on January 9, 1992, at 2:55 p.m. on the eve of trial, appellant filed his motion for continuance.   The motion was not formally opposed by appellee due to its late filing and did not specify the length of the continuance requested, nor did it suggest a date upon which appellant's counsel would be prepared to proceed with trial.   The trial court immediately reviewed appellant's request and granted appellant's motion for continuance the next day, January 10, 1992, the date of the scheduled trial, in the following journal entry:

"Defendant's motion for continuance, filed 1–9–92, granted.   Trial reset to 1–17–92 at 9:00 A.M.   All partie's [*sic*] notified by phone."

The above entry was received for filing with the clerk of the trial court on January 14, 1992.

On January 17, 1992, the trial proceeded as scheduled.   The court conducted an *ex parte* trial on the issue of attorney fees without the presence of appellant or his counsel.   At the beginning of the trial, the trial court noted for the record:

"The Court:  And Mr. Stafford had requested a continuance because of a trial he's involved in in Domestic Relations.   And the court acquiesced and granted and set the case for this morning.   And this court has not heard from Mr. Stafford in writing or orally.   As a result, we'll go forward with this case."

Robert I. Zashin testified first on behalf of appellee. Zashin, a senior partner in the appellee law firm, has been practicing domestic relations law almost exclusively since 1971. Zashin was referred by another lawyer to represent appellant in a domestic relations matter. Zashin undertook to represent appellant in June of 1987. He quoted appellant a fee of $175 per hour for himself and $125 per hour for his associate. Zashin described appellant's divorce proceedings as a "highly contested, emotionally charged, litigated divorce case that went to trial; and I believe we spent 16 days in trial in, I think, 1988." The proceedings lasted from June 1, 1987 until May of 1989. Zashin testified that various problems arose in the course of representing appellant. Among the problems encountered by Zashin was opposing counsel's insistence that appellant was hiding income. Appellant had also voluntarily quit his job.

Accusations that appellant was abusing drugs also created a problem with child visitation rights. Zashin testified that he spent 184.8 hours on appellant's behalf, not including time spent on the telephone with appellant. Zashin also stated that he would not charge more than eight hours a day for trial time despite having worked twelve to fourteen hours a day on appellant's behalf. Appellant was not billed for copying expenses. Zashin further testified that his associate, Andrew Simon, was required to assist him in appellant's divorce action. Simon spent a total of seventy-four hours on appellant's behalf at a rate of $125 per hour. Appellant was not charged for the time Simon spent at trial. Zashin stated that the result achieved at trial was "favorable to [appellant] about 90% except for the property." Nonetheless, Zashin stated that appellant's number-one priority was having visitation with his children, and not on his ex-wife's restrictive terms. Zashin stated that he had difficulty getting such favorable visitation due to the accusations of drug abuse made by appellant's ex-wife. Eventually, appellant terminated the attorney-client relationship and refused to pay appellee. Zashin sent appellant a bill for services rendered in the amount of $30,513.74. Upon inquiry from the court, Zashin added that his fee is "extremely reasonable and extremely below the costs * * * and it is a reasonable fee." Andrew Simon, Zashin's associate, also testified on behalf of appellee. Simon corroborated Zashin's testimony.

Based on the foregoing, the trial court signed a judgment entry, prepared by appellee's trial counsel, rendering judgment in favor of appellee against appellant in the amount of $30,513.74. The trial court's entry was received for filing on January 17, 1992.

Thereafter, on January 21, 1992, the trial court journalized a second order on a half-sheet entry prepared on January 17, 1992, in which the court wrote:

"Ct. finds for pl. in the amount of $30,513.74 plus interest and costs from 7–10–89. Def. and counsel Joe Stafford failed to appear or otherwise notify this court. Def. to pay costs."

On January 24, 1992, appellant filed his "motion for relief from judgment, pursuant to Civ.R. 60(B)," arguing that he had never received notice of the rescheduled trial date. Attached to appellant's motion were the affidavits of Lisa Evans and Kathy Dagy. Evans, Stafford's personal secretary, averred that she handles all of Stafford's telephone calls as well as his scheduling matters. Evans generally averred that neither she nor anyone else at Stafford's office had ever received any notification from anyone associated with Judge Corrigan's office staff, schedulers or bailiff pertaining to the instant matter. Evans additionally averred that on January 23, 1992, she received in the mail a postcard dated January 22, 1992, which specified that the trial scheduled for January 10, 1992 was continued until January 17, 1992. Dagy's affidavit also averred that she did not receive any notification from Judge Corrigan's chambers pertaining to the rescheduling of the instant case. On February 6, 1992, the trial court entered the following order denying appellant's motion for relief from judgment:

"Defendant's motion for stay of execution of judgment pursuant to Civil Rule 62(A) filed 1–24–92, denied. Defendant's motion for relief from judgment, pursuant to Civil Rule 60(B), filed 1–24–92, denied."

On February 18, 1992, appellant filed a timely notice of appeal with the trial court (case No. 63258) from the January 17, 1992 order and a timely notice of appeal (case No. 63259) from the order of February 6, 1992 denying his motion for relief from judgment. This court subsequently granted appellant's motion to consolidate the two cases. Appellant raises the following four assignments of error for our review:

"I. The trial court committed prejudicial error when it proceeded to trial without proper notice of the hearing being given to the appellant.

"II. The trial court committed prejudicial error when it adopted the judgment entry prepared by the appellee without proper notice being given to the appellant as mandated by the local rules.

"III. The trial court committed prejudicial error when it overruled the appellant's motion for relief from judgment and ruled without conducting an evidentiary hearing.

"IV. The trial court committed prejudicial error when it granted the appellee's request for attorney fees as the evidence that would have been presented at hearing would have shown them to be excessive."

## I

In appellant's first assignment of error, appellant argues the trial court committed prejudicial error and denied him due process of law when it proceeded to trial without providing him notice of the trial date.

Due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution and Section 16, Article I, Ohio Constitution, requires that every party to an action be afforded "a reasonable opportunity to be heard after a reasonable notice of such hearing." *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.* (1986), 28 Ohio St.3d 118, 125, 28 OBR 216, 222, 502 N.E.2d 599, 604. In *Ohio Valley Radiology*, the Ohio Supreme Court held that "some form of reasonable notice" is required, while rejecting an "inflexible rule" requiring the entry of a trial date on a court's docket in every case. *Id.* at 124, 28 OBR at 221, 502 N.E.2d at 604. Thus, the issue of what constitutes reasonable notice is left for a case-by-case analysis. At the very least, where actual notice is not provided, constructive notice that comes from the court's setting down the trial date upon its docket may satisfy the dictates of due process. *Id.; Weaver v. Colwell Financial Corp.* (1992), 73 Ohio App.3d 139, 596 N.E.2d 617; and *State Farm Mut. Auto. Ins. Co. v. Peller* (1989), 63 Ohio App.3d 357, 578 N.E.2d 874.

In the present case, this court cannot conclude that appellant was served with actual notice of the pending trial date.[1] Appellee argues that appellant was notified by phone. The trial court's journal entry dated January 10, 1992 supports this contention. However, unverified telephone messages do not comport with the notice requirements of the due process clause. See *Weaver, supra,* 73 Ohio App.3d at 145, 596 N.E.2d at 620. This court has previously found problems with telephone notification procedures of the lower courts. See *Apel v. Katz* (Apr. 29, 1993), Cuyahoga App. No. 63084, unreported, 1993 WL 135787 (reversal of judgment resulting from *ex parte* trial required where evidentiary materials attached to a motion to vacate judgment indicated that bailiff had represented to attorney that he would be contacted if visiting judge became available for trial, but had never so informed counsel that visiting judge did become available). In the present case, there is nothing in the record to

---

1. As will be seen, although the record is insufficient to demonstrate that appellant was given actual notice, the record is also insufficient to demonstrate that constructive notice was not given to appellant or his counsel. Because we conclude that constructive notice was given to appellant through his counsel by the court's January 10, 1992 journal entry, it became imperative that appellant rebut the presumption that constructive notice was sufficient to place him on notice of the pending trial date. Cf. *Rafalski v. Oates* (1984), 17 Ohio App.3d 65, 17 OBR 120, 477 N.E.2d 1212; and *Rogers v. United Presidential Life Ins. Co.* (1987), 36 Ohio App.3d 126, 521 N.E.2d 845. As will be discussed in appellant's third assignment of error, appellant has failed to rebut the presumption that constructive notice was sufficient to place him on notice.

conclusively support a finding that appellant was notified by phone of the pending trial date. Consequently, this court is not able to recognize that telephone notification was provided to appellant's counsel.

Postcard notification may also afford parties actual notice of a trial date. See *Hackett & Arnold, Inc. v. Notash* (Mar. 29, 1990), Cuyahoga App. No. 56736, unreported, 1990 WL 37422. However, where postcard notification is relied upon, it must be reasonably calculated to place the parties on notice. Cf. *Regional Airport Auth. v. Swinehart* (1980), 62 Ohio St.2d 403, 406, 16 O.O.3d 436, 438, 406 N.E.2d 811, 814; *Gullia v. Gullia* (July 8, 1993), Cuyahoga App. No. 62476, unreported, 1993 WL 259577; *Indus. Lift Truck Serv. v. Evans* (Dec. 26, 1991), Cuyahoga App. No. 59768, unreported, 1991 WL 281042. Thus, where postcard notification is sent to the defendant's former attorney, the notice is ineffective to place the party on notice of the pending trial date. *Hackett & Arnold, Inc., supra*, at 6. Likewise, where postcard notification is postdated after the date of trial, the notification is ineffective in giving appellant's counsel notice of the pending trial date. In the present case, Evans averred that the postcard was received on January 23, 1992, while the trial was had on January 17, 1992. The postcard was therefore ineffective in putting appellant on notice of the trial date.

In order to find that appellant was placed on constructive notice of the pending trial date, we are left with the January 10, 1992 journal entry, which provides, "Defendant's motion for continuance, filed 1–9–92, granted. Trial reset to 1–17–92 at 9:00 A.M. All partie's [*sic* ] notified by phone." It is axiomatic that "a court of record speaks only through its journal and not by oral pronouncement." *Schenley v. Kauth* (1953), 160 Ohio St. 109, 51 O.O. 30, 113 N.E.2d 625, syllabus; *Weaver, supra*. It is also generally held that parties are expected to keep themselves informed of the progress of their case. See *Weaver, supra*, 73 Ohio App.3d at 144, 596 N.E.2d at 620; *Peller, supra*, 63 Ohio App.3d at 360, 578 N.E.2d at 876; and *Holop v. Holop* (1989), 59 Ohio App.3d 51, 570 N.E.2d 305, syllabus. Appellant argues that he did keep informed of the progress of his case when he called the trial court and was informed that his motion for continuance had been granted. Appellant also argues that neither he nor his counsel was informed of the rescheduled trial date. However, appellant's contentions are not supported by any evidentiary materials in the record. Allegations contained in an appellate brief cannot be considered by this court, as they lack any evidentiary value whatsoever. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500; *Mancino v. Lakewood* (1987), 36 Ohio App.3d 219, 523 N.E.2d 332. Furthermore, the affidavits of counsel's office staff merely aver that they did not receive any messages from the trial court. Conspicuously absent from the record is any evidentiary material from appellant or his counsel indicating that neither

ever received notice of the trial date. This is especially important considering that appellant's counsel sought an open-ended continuance of the trial date a day before the trial was scheduled and considering that counsel does not dispute that he was aware that the trial court had granted his motion for a continuance.

Appellant further argues that a journal entry received for filing on January 14, 1992 could not possibly appear on the court's docket by January 17, 1992 and, therefore, could not put appellant on constructive notice of the trial date. Appellant further argues that he checked with the clerk of the lower court and confirmed that a journalized entry does not appear on the court's docket until, on average, three days later. Again, however, there are no evidentiary materials in the record which support this contention, and such allegations lack any evidentiary value whatsoever. *Ishmail; Mancino, supra.*

Accordingly, this court must adhere to precedent and conclude that constructive notice was provided to appellant through the trial court's January 14 journal entry. See *Ohio Valley Radiology, supra; Eisenberg v. Nakon* (May 9, 1991), Cuyahoga App. No. 60489, unreported, 1991 WL 76115; *Inter–Urban Rental Sys., Inc. v. Tullos* (Apr. 25, 1991), Cuyahoga App. No. 58630, unreported, 1991 WL 64327; *Hamper v. Birmele* (May 17, 1990), Cuyahoga App. No. 58522, unreported, 1990 WL 66433; *Fendrich v. Fendrich* (Mar. 9, 1989), Cuyahoga App. No. 54840, unreported, 1989 WL 21431; *Peller;* and *Holop, supra.*

Appellant's first assignment of error is, therefore, overruled.

## II

■ Appellant's third assignment of error will be considered next since, as in his first assignment of error, appellant argues that he was not afforded notice of the pending trial date. Appellant contends in this assignment of error that the trial court committed prejudicial error when it overruled his motion for relief from judgment.

Civ.R. 60(B) provides:

*"Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have

prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

The decision to sustain a motion for relief from judgment is left to the sound discretion of the trial court. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122; *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 68 O.O.2d 251, 316 N.E.2d 469. To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

Appellant brought the instant motion pursuant to Civ.R. 60(B)(1) and (5), arguing that he was not afforded notice of the trial date. However, in discussing appellant's first assignment of error, this court determined that appellant was afforded constructive notice of the trial date through the court's journalization of the January 10 order. In order to overcome the presumption that constructive notice was sufficient to place appellant on notice of the trial date, it was necessary for appellant to submit appropriate evidentiary materials supporting his argument that constructive notice was ineffective to reasonably place him or his attorney on notice of the trial date. See *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122; *GTE, supra,* at paragraph four of the syllabus ("the neglect of a party's attorney will be imputed to the party for purposes of Civ.R. 60[B][1]."). In *Rafalski, supra,* 17 Ohio App.3d at 66, 17 OBR at 122, 477 N.E.2d at 1214, this court noted that "there is a presumption of proper service in cases where the Civil Rules on service are followed. However, this presumption is rebuttable by sufficient evidence." See, also, *Rogers v. United Presidential Life Ins. Co.* (1987), 36 Ohio App.3d 126, 521 N.E.2d 845. Although there is no rule of civil procedure which requires service of notice of the setting of a trial date, see *Ohio Valley Radiology, supra,* we believe a similar presumption of proper notice arises when a trial court enters upon its journal an order setting a date for trial. However, this presumption may also be rebutted. Cf. *Rafalski; Rogers.*

■ The burden of rebutting the presumption of proper constructive notice rests on appellant. It is well settled that the party moving for relief from judgment has the burden of proving that he is entitled to the relief requested. *Adomeit, supra.* In *Adomeit,* this court held in its syllabus:

"2. In order to obtain relief under Civil Rule 60(B), the movant must file a motion as provided for in Civil Rule 7(B). He must also file a brief or memorandum of fact and law, and affidavits, depositions, answers to interrogatories, exhibits and any other relevant material. The material submitted must contain operative facts which demonstrate:

"(1) Timeliness of the motion. The motion must be filed within a reasonable time and for reasons stated in Civil Rule 60(B)(1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

"(2) Reasons for seeking relief. Operative facts which will demonstrate that the party is entitled to relief under one of the grounds stated in Civil Rule 60(B)(1) through (5).

"(3) Defense.

"3. A person filing a motion for relief from judgment under Civil Rule 60(B) is not automatically entitled to such relief nor to a hearing on the motion. The movant has the burden of proving that he is entitled to the relief requested or to a hearing on the motion. It is discretionary with the trial court whether the motion will be granted and in the absence of a clear showing of abuse of discretion the decision of the trial court will not be disturbed on appeal.

"4. If the material submitted by the movant in support of a motion for relief from judgment under Civil Rule 60(B) contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing.

"If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court may grant a hearing to take evidence and verify the facts before it rules on the motion. This is proper and is not an abuse of discretion. If, under the foregoing circumstances, the trial court does not grant a hearing and overrules the motion without first affording an opportunity to the movant to present evidence in support of the motion, its failure to grant a hearing is an abuse of discretion."

■ A review of appellant's motion reveals insufficient evidentiary materials to rebut the presumption that constructive notice of the trial date was sufficient. First, appellant's motion, as well as his brief before this court, asserts that he never received notice of the trial date. We have already concluded, however, that

these assertions have no evidentiary value. See *Ishmail* and *Mancino, supra.* If appellant or his counsel had information to rebut the presumption that constructive notice was sufficient, counsel for appellant should have submitted it in appropriate evidentiary format. Appellant's counsel's assertion that he was never informed of the trial date is of even less significance in light of his acknowledgment, also in the brief, that he was aware of the trial court's granting of his motion for a continuance. In light of this knowledge and given that his motion for continuance was open-ended and did not specify the length of the continuance sought, it became even more imperative that counsel follow up on his motion in order to determine whether the trial date had been rescheduled. Finally, we note that the affidavits from counsel's office staff have limited probative value. It would be an extraordinary leap in inferences from acknowledging that counsel's office staff did not receive notice to holding that counsel himself did not receive notice.

Appellant also argues in his brief before this court that he could not possibly have received constructive notice of the journal entry because it takes an average of three days for a journalized entry to appear on the docket from the time that it is file-stamped. Once again, however, counsel fails to support this argument with appropriate evidentiary materials. These assertions lack any evidentiary value and cannot be considered by this court. *Ishmail* and *Mancino, supra.*

█ Finally, appellant's motion reveals no allegations or evidentiary materials setting forth operative facts which would support a meritorious defense to appellee's claim. This court has previously held that a movant fails to meet its burden of proof by failing to submit factual material in support of a meritorious claim or defense. See *Gene Weiss Place for Fitness, Inc. v. Staskus* (May 30, 1991), Cuyahoga App. No. 61019, unreported, 1991 WL 95132; *Moore v. Gerich* (Apr. 25, 1991), Cuyahoga App. No. 58633, unreported, 1991 WL 64326; *Sharon Ornamental Iron, Inc. v. Horvitz Co.* (June 11, 1987), Cuyahoga App. No. 52218, unreported, 1987 WL 12614. Further, a review of the record reveals that the trial court's judgment is supported by the evidence. The only issue before the court at trial was the reasonableness of fees owed to appellee. The court's award is supported by the testimony of Zashin and Simon. Additionally, the trial court was an active participant in the *ex parte* trial. The court put forth questions to Zashin in order to ensure that the fees awarded were reasonable.

Appellant's third assignment of error is overruled.

## III

█ In appellant's second assignment of error, appellant contends the court committed prejudicial error in adopting a judgment entry prepared by appellee's

counsel without proper notice being given to appellant as mandated by the local rules.

Loc.R. 19 of the Cuyahoga County Court of Common Pleas, General Division, provides in pertinent part:

"(A) When ordered or directed by the court, counsel for the party in whose favor an entry, order, judgment or decree is entered shall, within ten (10) days unless the time is extended by the court, prepare a proper journal entry and submit it to opposing counsel who shall approve or reject it within three (3) days after its receipt and may file objections in writing with the court."

A review of the record reveals that the trial court never ordered or directed counsel for appellee to prepare the journal entry in question. Accordingly, Loc.R. 19 does not apply, and there is no other rule of law requiring that notice be given to appellant's counsel prior to the trial court approving and journalizing a judgment entry. Moreover, appellant does not argue that he was prejudiced in any way by not receiving notice or having the prepared journal entry submitted to his counsel prior to approval, and this court will not conclude that prejudice so resulted.

Accordingly, appellant's second assignment of error is overruled.

## IV

In appellant's fourth assignment of error, appellant argues that the trial court erred in awarding appellee attorney fees where the record is silent as to whether appellee had been discharged for cause.

It is immaterial, however, whether appellee was discharged with or without cause where appellee seeks to recover fees for actual services rendered. Recently, the Ohio Supreme Court held:

"When an attorney is discharged by a client with or without just cause, and whether the contract between the attorney and client is express or implied, the attorney is entitled to recover the reasonable value of services rendered the client prior to discharge on the basis of *quantum meruit.* (*Scheinesohn v. Lemonek* [1911], 84 Ohio St. 424, 95 N.E. 913, and *Roberts v. Montgomery* [1926], 115 Ohio St. 502, 154 N.E. 740, overruled.)" *Fox & Associates Co., L.P.A. v. Purdon* (1989), 44 Ohio St.3d 69, 541 N.E.2d 448, syllabus; see, also, *Sonkin & Melena Co., L.P.A. v. Zaransky* (1992), 83 Ohio App.3d 169, 175–176, 614 N.E.2d 807, 811–812. Recovery on the basis of *quantum meruit* "strikes the proper balance by providing clients greater freedom in substituting counsel, and in promoting confidence in the legal profession while protecting the attorney's right to be compensated for services rendered." *Fox, supra,* 44 Ohio St.3d at 72, 541 N.E.2d at 450.

It is well settled that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be disturbed on appeal. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. Furthermore, the weight to be given the evidence and witness credibility are primarily for the factfinder. *Shore, Shirley & Co. v. Kelley* (1988), 40 Ohio App.3d 10, 531 N.E.2d 333. In the present case, we conclude the judgment of the trial court is supported by competent, credible evidence going to all the essential elements of the case. Zashin testified that he represented appellant in appellant's divorce proceedings from June 1, 1987 to May of 1989 at a rate of $175 per hour. Services of Zashin's associate, Simon, were billed out at a rate of $125 per hour. Zashin testified that he had spent 184.8 hours on appellant's behalf and that Simon had spent a total of seventy-four hours on appellant's behalf. Zashin testified that his total bill came to $30,513.74 due from appellant. While the record does not disclose the reasons that appellant terminated the attorney-client relationship, Zashin did state that the result he received on behalf of appellant was "favorable to him about 90% except for the property." Zashin further stated that appellant's number-one priority was receiving favorable visitation rights with his children, which Zashin did obtain. Finally, Zashin testified that his fee is "extremely reasonable and extremely below the costs * * * and it is a reasonable fee." Simon corroborated Zashin's testimony.

Based on the foregoing, we conclude that the trial court did not err in entering judgment in favor of appellee in the amount of $30,513.74. The evidence fully discloses that the award represents a reasonable value for the services actually rendered by appellee. Any favorable evidence which appellant could have presented should have been presented at trial or in some evidentiary form in support of appellant's motion for relief from judgment.

Appellant's final assignment of error is overruled.

*Judgment affirmed.*

PATTON, P.J., and BLACKMON, J., concur.