Appellant, City of Mayfield Heights, is appealing the trial court's order granting replevin of an automobile to appellee, Consumer Finance Corporation. For the following reasons, we affirm.
A hearing was held, but no transcript was filed with this court. The parties' stipulation of facts states: James E. Neal, Jr. executed a retail installment contract with appellee in the amount of $10,000, making appellee the first lienholder on Neal's Chrysler Concord automobile. On July 16, 1997, Mr. Neal was stopped for a traffic violation. Upon discovering that Neal's driver's license was suspended until 2002, the City of Mayfield Heights impounded Neal's vehicle.
Pursuant to R.C. 4503.233, the Lyndhurst Municipal Court issued an immobilization notice to Neal. Neal could re-take possession on August 15, 1997. Neal never claimed his vehicle. Notice was sent to Neal by certified mail on October 24, 1997, but it was returned unclaimed.
The City sent notice by certified mail to appellee on November 26, 1997 that appellee must respond within twenty days or the vehicle would be disposed of pursuant to statute. On December 18, 1997, the City obtained title to the vehicle pursuant to court order.
Appellee contacted appellant on March 27, 1998 to request possession of the automobile. Appellee sued appellant for replevin.
The exhibits submitted by both parties establish that the VIN number on the City's notification to Appellee was different from the VIN number on the municipal court's order granting title of the vehicle to the city. Appellee claims that appellant included the incorrect VIN number in the notice.
The trial court's journal entry states that plaintiff-appellee was entitled to replevin to satisfy its lien. The court found that appellee did not waive its right to the lien. The journal entry stated that appellant was entitled to any proceeds that exceed the satisfaction of the lien.
 I.
Appellant's first five assignments of error are interrelated, and will be discussed together. They state:
 1. THE TRIAL COURT'S FINDING THAT THE PLAINTIFF-APPELLEE IS ENTITLED TO REPLEVIN WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 2. DEFENDANT-APPELLANT WAS UNFAIRLY PREJUDICED BY THE CONFLICTING AND AMBIGUOUS LANGUAGE OF THE OHIO REVISED CODE SECTIONS AT ISSUE.
 3. THE TRIAL COURT ERRED IN FINDING THAT THE PLAINTIFF IS ENTITLED TO SATISFACTION OF ITS LIEN ON THE AUTOMOBILE.
 4. THE TRIAL COURT ERRED IN FINDING THAT THE PLAINTIFF-APPELLEE DID NOT WAIVE ITS LIENHOLDER RIGHT.
 5. THE TRIAL COURT ERRED IN FINDING THAT THE STATUTE AT ISSUE DOES NOT PROVIDE FOR A WAIVER OF LIENHOLDER RIGHTS BY THE PARTY SEEKING FORFEITURE.
The trial court's journal entry stated that, "plaintiff is entitled to satisfaction of its lien on the automobile pursuant to R.C. 4503.233(E)(1)." Appellant contends that the trial court used an outdated version of R.C. 4503.233. R.C. 4503.233, amended effective September 17, 1996, added the following language:
 If the entity that receives title to the vehicle is the entity that is entitled to the immobilization fee under division (A)(6) of this section, it shall receive title on the condition that it pay any lien on the vehicle.
See R.C. 4503.233(E)(1), Am. Sub. H.B. No. 353. R.C. 4503.233 was amended again, effective October 4, 1996. See Am. Sub. H.B. No. 676. H.B. 676 did not state that it was repealing the language of H.B. 353. H.B. 676 did not contain any of the changes made by H.B. 353, and amended the statute as it existed prior to H.B. 353.
When amendments do not expressly repeal an earlier amendment, the amendments are to be harmonized if possible so that effect may be given to both amendments. R.C. 1.52. The changes made by both must be put into simultaneous operation, if they are not totally irreconcilable. Id. The fact that a later amendment does not include language inserted by a previous amendment does not make the amendments irreconcilable. Id., Markel v. Ohio StateMedical Bd. (1989), 62 Ohio App.3d 105. Only if the language is mutually exclusive is the earlier amendment repealed by implication. See State ex rel. Dinneen Excavating Co., Inc. v.Sykes (1988), 40 Ohio St.3d 84, State ex rel. Stokes v. ProbateCourt of Cuyahoga County (1969), 17 Ohio App.2d 247.
In this case, H.B. 676 does not expressly repeal H.B. 353. H.B. 676 does not have any language which would conflict with the requirement in H.B. 353 that the entity must pay the lien. Therefore, this provision of H.B. 353 was in effect and the trial court did not err in applying it.
Appellant asserts that appellee waived their right to the lien. According to R.C. 4503.233(D)(3) effective October 4, 1996:
 If a court issues an order of immobilization and impoundment under division (A) of this section relative to a vehicle owner, if the vehicle that is subject to the order is immobilized under the order, and if, within seven days after the expiration of the period of immobilization, the vehicle owner or another person on the owner's behalf does not pay the required fees and costs established under this section and obtain the release of the vehicle, the law enforcement agency whose officer immobilized the vehicle shall send a written notification to the vehicle owner at the owner's last known address informing the owner of the date on which the period of immobilization expired, that the owner or someone on the owner's behalf has twenty days after the date of the notice to pay the required fees and costs established under this section and obtain the release of the vehicle, and that if the owner or someone on the owner's behalf does not so pay the fees and costs and obtain the release of the vehicle within that twenty-day period, the vehicle will be forfeited to the state and be disposed of as abandoned property under section 2933.41 of the Revised Code. (Emphasis added.)
Appellant contends that appellee is a "vehicle owner" as defined in R.C. 4503.233(A)(1), effective Oct. 4, 1996. According to appellant, appellant gave appellee notice and was entitled to forfeiture after 20 days. "Vehicle owner" only includes the person in whose name the vehicle is registered, or a person to whom the certificate of title has been assigned. "Vehicle owner" does not include a lienholder.
R.C. 4503.233(D)(3) refers to R.C. 2933.41. R.C. 2933.41 states that the agency must use reasonable efforts to locate persons entitled to possession, and notify them of where and when the property can be claimed. Unclaimed property may be forfeited. R.C. 2933.41. Appellant contends it gave appellee notice, and appellee failed to claim the lien within 20 days, so appellant was entitled to forfeiture.
Appellant also asserts that it gave the required notice under R.C. 4503.234(C), effective October 4, 1996. Appellee did not present evidence that they did not know of the criminal use of the vehicle, as required by R.C. 4503.234(C)(2), effective October 4, 1996, and thereby waived its right to the lien.
The trial court could have found that appellee did not receive sufficient notice because the notice had an incorrect VIN number. Thus, appellee did not have notice and opportunity to present the evidence required by R.C. 4503.234(C)(2) and did not waive its right to the lien.
Additionally, R.C. 4503.233(E)(1) effective Oct. 4, 1996, states that in a court proceeding to award title of a car which is not claimed by the owner, the court can only proceed after notice to all interested parties and an opportunity to be heard. Nothing on the record indicates that appellee received any notice of the December 18, 1997 proceeding in which the city obtained title. Appellant contends that 4503.233(E) does not apply, because 4503.233(D)(3) authorizes forfeiture proceedings to commence if the owner does not respond in 20 days. R.C.4503.233(D)(3) sets out the language to be included in the notice to the owner, but does not discuss the forfeiture procedure. R.C.4503.233(E) sets out procedural rules for the award of title to someone other than the vehicle owner. Therefore, R.C. 4503.233(E) does apply. The trial court could have found that the municipal court's order of December 18, 1997 granting title to the city was not made in compliance with the Revised Code.
In conclusion, the trial court did not err in finding that appellee did not waive its right to the lien, and in finding that appellee was entitled to replevin. Appellant has not shown that the trial court's decision was against the manifest weight of the evidence.
Accordingly, this assignment of error is overruled.
 II.
Appellant's sixth assignment of error states:
 THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT-APPELLANT IS ONLY ENTITLED TO ANY PROCEEDS THAT EXCEED THE SATISFACTION OF THE LIEN.
Appellant contends that upon receiving title to the vehicle, it paid the immobilization/impound fees of $1,228. Appellant also spent $1,245.71 to maintain, repair and improve the vehicle. Appellant did not file a transcript to support these allegations. These allegations in the brief are not supported by the record and can not be considered. See State v. Ishmail (1978), 54 Ohio St.2d 402;Zashin, Rich, Sutula Monastra Co., L.P.A. v.Offenberg (1993), 90 Ohio App.3d 436, 444.
Accordingly, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PORTER, A.J., AND O'DONNELL, J., CONCUR.
 ___________________________________ ANN DYKE JUDGE