DECISION AND JUDGMENT ENTRY
This accelerated case comes before the court on appeal from the Lucas County Court of Common Pleas. Finding that the trial court did not abuse its discretion in granting appellee's motion to dismiss, we affirm the judgment of the trial court.
The facts giving rise to this appeal are as follows. Appellant Julia Kelhoffer and appellee Jeffery Barber were involved in an automobile accident on December 2, 1995. Appellant filed a personal injury action against appellees Barber and State Farm Insurance Company. On November 14, 2000, appellee State Farm filed a motion to dismiss pursuant to Civ.R. 12(b)(6) arguing that the applicable statute of limitations had expired. On February 2, 2001, the trial court granted State Farm's motion. Appellant now appeals setting forth the following assignment of error:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF WHEN THEY GRANTED THE MOTION TO DISMISS OF THE DEFENDANTS."
Pursuant to R.C. 2305.10, an individual seeking compensation for bodily injury sustained in an auto accident must file a claim within two years of the accident. The savings statute, R.C. 2305.19, generally allows parties additional time to refile their cause of action following a Civ.R. 41 dismissal without prejudice. Appellant contends that the initial complaint in this case was filed a year after the accident and that it was subsequently dismissed without prejudice. Appellees contend that the 1996 complaint was void because it was filed by an Indiana attorney who was not licensed in Ohio and who filed the complaint before seeking pro hac vice status.
We need not reach the issue of the 1996 complaint. It is well settled law that an appellate court is bound by the record before it and may not consider facts extraneous thereto. Paulin v. Midland Mutual Life
(1974), 37 Ohio St.2d 109. The record before us lacks certified copies of the alleged initial complaint and the Civ.R. 41 dismissal. Absent such evidence, this court must presume the regularity and the validity of judgment of the trial court. Ostrander v. Parker-Fallis Insulation Co. (1972), 29 Ohio St.2d 72, 74. Allegations contained in the parties' motions and briefs are not sufficient to overcome the presumption of regularity in a trial court's proceedings and judgment entered by the court. Zashin, Rich, Sutula Monastra Co., L.P.A. v. Offenberg (1993),90 Ohio App.3d 436.
This record shows that appellant filed a personal injury action in 1999 for injuries sustained in a 1995 automobile accident. We conclude that the trial court correctly granted appellee State Farm's motion to dismiss based on the two year statute of limitations found in R.C. 2305.10. Appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Common Pleas Court is affirmed. Costs assessed to appellant.
___________________________Peter M. Handwork, J. JUDGE
___________________________Melvin L. Resnick, J. JUDGE
____________________________James R. Sherck, J. JUDGE