This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant James A. Decsi has appealed a decision of the Summit County Court of Common Pleas, Domestic Relations Division. This Court reverses.
 I {¶ 2} On November 15, 2001, Plaintiff-Appellee Anne C. Wyatt filed a complaint in the Summit County Court of Common Pleas, Domestic Relations Division. In the complaint, Appellee maintained that Appellant was the natural father of L.D., born June 17, 1999. Further, Appellee requested the court to award Appellee custody of the minor child, order Appellant to pay child support for the child, and determine a visitation schedule for the parents of the minor child. Before Appellant could respond to the complaint, Appellee filed a motion for temporary orders, wherein she requested the court to grant her temporary orders for custody of the parties' minor child, child support, a visitation schedule between the minor child and Appellee, and attorney's fees. Included in Appellee's motion for temporary orders was a notice that indicated that a hearing for the motion was set for January 14, 2002, at 1:00 p.m.
 {¶ 3} Appellant responded to Appellee's complaint and motion for temporary orders by filing a motion to dismiss pursuant to Civ.R. 12. Appellant contended that pursuant to R.C. 2151.23 and R.C. 2301.03(I)(1), the court did not have jurisdiction over the matter because the parties were not married at the time of the child's birth, nor were they ever married. The court ruled on Appellant's Civ.R. 12 motion at the same time as the hearing for Appellee's motion for temporary orders; Appellant did not attend the January 14, 2002 hearing. At the hearing, the magistrate denied Appellant's motion to dismiss, holding that "[R.C. 2301.03(I)(1)] clearly indicates that Summit County Domestic Relations Court has exclusive jurisdiction over paternity actions unless, for some reason * * * Juvenile Court has exclusive original jurisdiction. As there are no such allegations this case clearly belongs within the jurisdiction of Domestic Relations Court."
 {¶ 4} As to Appellee's motion for temporary orders, the magistrate found that Appellant was entitled to visitation by the court's standard order of visitation. In addition, the magistrate ordered Appellant to pay child support in the monthly amount of $298.69, plus processing fees. The trial court adopted the magistrate's decision on the same day said decision was made by the magistrate. The magistrate, however, did not issue temporary orders. What the magistrate issued, and the trial court adopted, was a permanent order for child support, custody and visitation of the minor child.
 {¶ 5} Appellant filed timely objections to the magistrate's decision; no transcript of the hearing before the magistrate was filed. Appellant argued that the court failed to hold a hearing on his motion to dismiss prior to Appellee's hearing on her motion for temporary orders and the trial court failed to set Appellee's complaint for trial. In addition, Appellant contended that he "was not given an opportunity to set forth his defenses upon the merits of the case, such as his current status of unemployment, status of paying support for additional children, and the fact that [Appellant] was living with [Appellee] through December 1, 2001." On April 23, 2002, the trial court overruled Appellant's objections and adopted the magistrate's decision, holding: (1) Civ.R. 12(D) does not mandate that a trial court hold an oral hearing on a Civ.R. 12(B) motion; (2) Appellant was properly served because he was given notice of default judgment if he failed to appear in the matter; and (3) the Summit County Domestic Relations Court had jurisdiction over paternity cases pursuant to R.C. 2301.03(I)(1). Appellant has appealed, asserting one assignment of error.
 II Assignment of Error {¶ 6} "THE TRIAL COURT ERRED IN GRANTING DEFAULT JUDGMENT AGAINST [APPELLANT]"
 {¶ 7} In Appellant's sole assignment of error, he has argued the trial court erred in reaching its decision.[1] We agree.
 {¶ 8} The Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution requires that a party be entitled to reasonable notice of judicial proceedings and an opportunity to be heard. Ohio ValleyRadiology Assoc., Inc. v. Ohio Valley Hosp. Assn. (1986),28 Ohio St.3d 118, 124-125, citing Mullane v. Central Hanover Bank Trust Co. (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865; see, also State, ex rel. Allstate Ins. Co. v. Bowen (1936), 130 Ohio St. 347, paragraph five of the syllabus. Furthermore, the Supreme Court of Ohio has recognized that it is a fundamental principle of the right to due process that notice of a proceeding be given in a manner reasonably calculated to give the party an opportunity to be heard in the matter. Ohio Valley,28 Ohio St.3d, at 125. The Ohio Supreme Court has noted that there is more than one way to satisfy the requirement of providing reasonable notice of a hearing. Id. As such, the determination of whether a certain form of notice violates due process rights must be made on a case-by-case basis. See Zashin, Rich, Sutula Monastra Co., L.P.A. v. Offenberg (1993),90 Ohio App.3d 436, 443.
 {¶ 9} In the instant matter, Appellant has essentially argued that he was denied due process of the law because he "was not notified of a trial date, but merely was served with a date setting a Temporary Orders hearing." Appellee, however, has contended that Appellant was provided adequate notice regarding the trial when Appellant was served with Appellee's motion for temporary orders, and later in a summons issued to him accompanying the complaint. Appellee's motion provided, in part:
 {¶ 10} "Please take note that the foregoing Motion will come on for hearing at the Summit County Court of Common Pleas, Domestic Relations Division, 209 South High Street, Akron, Ohio 44308 before the [Honorable Magistrate Deborah Matz] on the 14th day of January, 2002, at 1:00 p.m. or as soon thereafter as the attention of the Court may be had."
 {¶ 11} In addition, the summons, which was personally served on Appellant on December 3, 2001, contained the statement: "IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT." Based on the language contained in both the summons issued to Appellant and Appellee's motion for temporary orders, Appellee has argued that Appellant was given proper notice. The trial court agreed with Appellee's position. Upon overruling Appellant's objections to the magistrate's decision, the trial court stated that, with regard to Appellant's objection that he was not properly served, "[b]ecause the summons served on [Appellant] provides notice of default judgment for failure to appear, this Court overrules Appellant's objection as to service."
 {¶ 12} After reviewing the record, we conclude that Appellant was denied his constitutional right to due process because he did not receive adequate notice of the hearing and was not given a meaningful opportunity to defend himself. The language contained in the summons and the motion for temporary orders was insufficient as a means of providing Appellant with notice that the January 14, 2002 hearing would result in the final judgment on the issue of custody, child support, and visitation of the minor child.
 {¶ 13} In Poljakov v. Kshywonis (July 12, 2000), 9th Dist. No. 19843, this Court affirmed the trial court's decision that a defendant-husband did not receive proper notice when he was misinformed about the purpose of a hearing. The plaintiff-wife in Poljakov filed a "Notice of Registration of an Out-of-State Support Order" in the Summit County Court of Common Pleas, Domestic Relations Division. The matter was referred to a magistrate, and after a hearing on the matter, the magistrate set an order of child support payments pursuant to R.C.3113.21-.219. Defendant-husband filed objections to the magistrate's decision and the trial court entered a judgment overruling that decision. The trial court held that because defendant-husband did not receive notice that child support would be set at the hearing, it was a violation of his right to due process to proceed with a child support determination without adequate notice. Id. at 10.
 {¶ 14} On appeal, this Court noted that defendant-husband was only given notice of the registration of a foreign order, not notice that child support would be set. Thus, defendant-husband was only prepared to argue the issue of registration of a foreign support order rather than the amount of child support to be awarded under R.C. 3113.21-.219. This Court then affirmed that aspect of the trial court's decision. Id. at 6-7.
 {¶ 15} The facts in Poljakov are similar to the facts of the instant case. Appellant rightly believed that the hearing would only encompass Appellee's motion for temporary orders. Therefore, it is reasonable to assume that Appellant was only prepared to defend against Appellee's motion for temporary orders. Somehow, however, the magistrate transformed what should have been a hearing on a motion for temporary orders, into a final hearing on the merits of the case. This was improper, and it effectively denied Appellant his right to due process. Thus, we find that Appellant's assignment of error is well taken.
 III {¶ 16} Appellant's sole assignment of error is sustained. The decision of the trial court is reversed.
BAIRD, P.J., CARR, J. CONCUR.
[1] Appellant has based a portion of his argument on his belief that the magistrate entered a default judgment against him and that such an action by the trial court was improper. Specifically, he has contended that by filing a motion to dismiss on the ground that the trial court lacked jurisdiction to hear the case, he effectively appeared in the action, thereby prohibiting the trial court from rendering default judgment against him pursuant to Civ.R. 55. We decline, however, to address whether or not the magistrate's decision was, in fact, a default judgment against Appellant.