[Cite as *Siegel v. Bridewell*, 2012-Ohio-797.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| KIMBERLY LEE SIEGEL, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 11CA3255 |
| | : | |
| vs. | : | **Released: February 24, 2012** |
| | : | |
| GEORGE W. BRIDEWELL, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

George W. Bridewell, Chillicothe, Ohio, Appellant, pro se.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Judith Heimerl Brown, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee, Kimberly Lee Siegel.

_____
McFarland, J.:

{¶1} This is an appeal from a Ross County Court of Common Pleas judgment entry establishing a parent-child relationship between Appellant and his minor child, and ordering child support. On appeal, Appellant contends that 1) the trial court abused its discretion and went against the sufficiency of the evidence when calculating his income for child support purposes; 2) he was denied due process of law when the trial court held a hearing to set a child support obligation without giving proper notice to all parties; 3) the trial court abused its discretion by setting a retroactive support

order; and 4) the trial court committed plain error and abused its discretion in failing to designate which party was eligible to claim the allocation for the dependency exemption for all tax years.

{¶2} We have determined under Appellant's second assignment of error that Appellant did not receive proper notice of the hearing on child support. As such, we sustain Appellant's second assignment of error and remand this matter to the trial court to provide proper notice and a re-hearing on that issue. In light of our disposition of Appellant's second assignment of error, Appellant's remaining assignments of error, all of which are based upon the child support order, have been rendered moot. Accordingly, the decision of the trial court, as to the issue of child support, is reversed and this matter is remanded for further proceedings consistent with this opinion.

ASSIGNMENTS OF ERROR

"I.     THE TRIAL COURT ABUSED ITS DISCRETION AND WENT AGAINST THE SUFFICIENCY OF THE EVIDENCE WHEN CALCULATING THE DEFENDANT'S INCOME FOR CHILD SUPPORT PURPOSES.

II.     THE DEFENDANT WAS DENIED DUE PROCESS OF LAW, WHEN THE COURT HELD A HEARING TO SET CHILD SUPPORT OBLIGATION [SIC] WITHOUT GIVING PROPER NOTICE TO ALL PARTIES.

III.     THE TRIAL COURT ABUSED ITS DISCRETION BY SETTING A RETROACTIVE SUPPORT ORDER.

IV.    THE TRIAL COURT COMMITTED PLAIN ERROR AND
       ABUSED ITS DISCRETION, IN FAILING TO DESIGNATE
       WHICH PARTY WAS ELIGIBLE TO CLAIM THE
       ALLOCATION FOR THE DEPENDENCY EXEMPTION FOR
       ALL TAX YEARS.

LEGAL ANALYSIS

{¶3} For ease of analysis, we address Appellant's assignments of error out of order.  In his second assignment of error, Appellant contends that he was denied due process of law when the trial court held a hearing to set child support without giving him proper notice.  Specifically, Appellant contends that he was only provided with notice of the May 12, 2011, hearing to the extent that it was to be a hearing on the genetic test results, an issue to which he did not plan to object.  However, he claims he received no notice that the hearing would also address the issue of child support, an issue to which he planned to object, as he was and still is serving a prison term.  Appellee concedes the notice of hearing provided by the trial court did not state the matter would cover the establishment of child support.  As such, Appellee does not object to a remand of the matter to the trial court in order to provide Appellant an opportunity to be heard on the issue of the establishment of child support.

{¶4} A review of the record indicates that this matter originated with the filing of a child support enforcement transmittal pursuant to the Uniform

Interstate Family Support Act ("UIFSA") seeking to establish paternity and child support. Chapter 3115 of the Revised Code deals with UIFSA and in 3115.55(A) provides that "[a]ny action or proceeding brought pursuant to sections 3115.01 to 3115.59 of the Revised Code is a civil action and shall be governed by the Rules of Civil Procedure * * *." R.C. 3115.55(B) further provides that an action under section 3115.31 of the Revised Code to establish support "is an original action and shall be governed by the Rules of Civil Procedure." Thus, we look to the Rules of Civil Procedure to determine whether Appellant received proper notice of the hearing on the issue of child support. Civ. R. 5 governs service and filing of pleadings and other papers subsequent to the original complaint. Civ.R. 5(A) provides that "every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties."

{¶5} On September 9, 2010, an order to show cause under the Uniform Interstate Family Support Act was filed ordering Appellant to appear on November 18, 2010, and show cause why an order should not be made directing him to pay, under UIFSA, such sums as the court may determine for support the minor child. Appellant received notice of this hearing but did not appear. It was determined at the November 18, 2010, hearing that the proof necessary to adjudicate paternity was not available and

as such, the parties were ordered to submit to genetic testing. The

"Judgment Entry for Genetic Testing" was filed on January 7, 2011, and

provided that "[t]his matter will be set for further hearing upon the filing of

the results of the genetic testing."

{¶6} The DNA test results were made a part of the record via a notice

of filing on March 22, 2011. Subsequently, the trial court scheduled "a

hearing on the D.N.A. test results" on May 12, 2011, and this notice of

hearing was provided to Appellant, though he did not appear at that hearing.

At the May 12, 2011, hearing the magistrate established a parent-child

relationship between Appellant and the minor child at issue and also

established a minimum child support order of $50.00 per month. Appellant

subsequently filed objections to the magistrate's decision on June 13, 2011.[1]

Therein, Appellant specifically raised the issue of notice with respect to the

establishment of child support. However, on June 14, 2011, the trial court

issued a judgment entry which was essentially identical to the magistrate's

earlier decision.

{¶7} "Due process of law requires that every party to an action be

afforded 'a reasonable opportunity to be heard after a reasonable notice of

such hearing.' *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp.*

---

[1] Appellant's objections to the magistrate's decision were titled "Motion to Set Aside Order."

*Assn.* (1986), 28 Ohio St.3d 118, 125, 502 N.E.2d 599." *Neace v. Neace*, Scioto App. No. 02CA2824, 2003-Ohio- 276 at ¶ 15. " 'The issue of what constitutes reasonable notice is left for a case-by-case analysis.' " Id.; citing *Zashin, Rich, Sutula & Monastra Co., L.P.A. v. Offenberg* (1993), 90 Ohio App.3d 436, 443, 629 N.E.2d 1057. Generally, the notice satisfies due process requirements as long as it is " 'reasonably calculated to give actual notice.' " Id.; citing *Mitchell v. Mitchell* (1980), 64 Ohio St.2d 49, 413 N.E.2d 1182, paragraph two of the syllabus.

{¶8} As stated, Appellant did receive notice in accordance with the Civil Rules of Procedure of the May 12, 2011, hearing. However, the hearing notice represented that it was a hearing on the D.N.A. test results. There was no indication from the notice that the issue of child support would be addressed at the hearing. Thus, we find a substantive problem with the notice that was provided to Appellant. As such, we conclude that the hearing notice at issue was not reasonably calculated to give actual notice of the fact that child support would be determined at the hearing and therefore did not afford Appellant due process of law.

{¶9} In light of the foregoing, as well as Appellee's candid concession related to this error, we reverse the decision of the trial court as to the issue of child support and remand this matter for further proceedings consistent

with this opinion.  Further, as Appellant's remaining assignments of error all stem from the child support order, they have been rendered moot.

**JUDGMENT REVERSED IN PART AND REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED IN PART AND REMANDED and that the Appellant recover of Appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, P.J. and Harsha, J.: Concurs in Judgment and Opinion.


For the Court,

BY: _____
Matthew W. McFarland, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**