132

Americare Corp. et al., Appellants, *v.* Misenko, Appellee.

[Cite as Americare Corp. *v.* Misenko (1984), 10 Ohio St. 3d 132.]

(No. 83-1145—Decided April 18, 1984.)

*Fry & Waller Co., L.P.A., Mr. Carl B. Fry, Mr. Barry A. Waller* and *Mr. Rick L. Brunner,* for appellants.

*Jack N. Alpern Co., L.P.A., Mr. Jack N. Alpern* and *Mr. Anthony M. Cornicelli,* for appellee.

*Per Curiam.* The primary issue presented, which is procedural in nature, is whether the dismissal of the notice of appeal on the grounds that it was not timely filed was proper. For the reasons that follow, this court holds that the court of appeals correctly dismissed the notice of appeal as being untimely.

The resolution of this controversy necessarily involves the interpretation and application of Local Rule 18 of the Court of Common Pleas of Trumbull County that provides as follows:

"18.01(A) Counsel for the party in whose favor * * * judgment * * * is entered in a cause in Civil or Domestic Relations Divisions shall * * * prepare a proper judgment entry and submit the same to counsel for the opposite party who shall approve or reject the same * * * and may, in case of rejection, file objections thereto in writing with the court.

"(B) The Court shall approve a judgment entry deemed by it to be proper, sign the same and cause it to be filed with the Clerk, and notice of the filing of each judgment entry for journalization shall, on the day following such filing, be given to all parties by the party presenting such judgment entry to the court for approval, and the time for the doing of any other act resulting, caused or required by the filing of such judgment entry shall not commence until such notice has been given."

Appellants contend that this rule mandates that *actual* notice of a judgment entry be given to the losing party. Appellants then argue that because they never received such actual notice, they were denied the opportunity to timely appeal and the dismissal of the notice of appeal was hence unconstitutional as being violative of due process and equal protection. Thus, while appellants concede that the notice of appeal was not timely filed, they assert that the untimeliness was a direct result of the failure to follow local court rule notice requirements and, as such, their filing should be deemed timely.

This court has carefully reviewed Local Rule 18 in light of its purpose and spirit and cannot concur in appellants' analysis of the rule. Such a narrow construction is neither consistent with the purpose and spirit of the local rule itself, nor with the Rules of Civil Procedure. (See Civ. R. 83 which defines "rule of court" as one concerning local practice not inconsistent with rules promulgated by the Supreme Court.)

An examination of Local Rule 18 in light of its purpose reveals that the trial court did not violate this established local rule providing for the preparation and notification of journalizing the judgment entry by failing to provide appellants with actual notice of the entering of the judgment.

The obvious purpose of this rule is to avoid mistakes in reciting the court's decision. Accordingly, when a judgment entry is prepared by counsel, Local Rule 18 requires that the judgment entry be submitted to the opposite party for approval or rejection in order to ensure that the judgment adequately reflects the court's ruling. When the judgment entry is prepared by the trial court itself as was the case herein, however, prior submission of the entry to the parties is not absolutely necessary, for under such circumstances there is no doubt but that the entry reflects the decision of the court.

Correspondingly, there is no language in Local Rule 18 that suggests that the only manner in which a judgment entry may be prepared is for the victorious party to draft the entry and submit it to the court, as appellants' construction, by necessary implication, would so mandate. Indeed, if it did so suggest, the rule would be subject to serious question, for it would impinge on the power and discretion of a trial court to prepare and enter its own judgments. This court is indeed reluctant to adopt a construction of a local rule that would so severely hinder a trial court's power to enter its judgment and hence control its own docket. It would also improperly conflict with Civ. R. 58,[1] which does not restrict the manner by which a court may have a judgment prepared.

Furthermore, it is most noteworthy that no provision in Ohio law or rule of civil or appellate procedure requires that a party be given actual notice of the filing of a judgment entry. The procedure for appeal is clearly set forth in the Rules of Appellate Procedure. App. R. 3(A) requires that an appealing party must file a notice of appeal. The time period for the filing of the notice of appeal is set forth in App. R. 4:

"(A)  In a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within thirty days of the date of the entry of the judgment or order appealed from. * * *"

App. R. 4(A) also provides that "* * * [a] judgment or order is entered within the meaning of this subdivision when it is filed with the clerk of the trial court for journalization." App. R. 4(A) complements Civ. R. 58, which provides in part that "[a] judgment is effective only when filed with the clerk for journalization." As evidenced by these rules, there are no provisions in the Rules of Appellate Procedure that actual notice of a judgment entry be given. See, also, *Steadley* v. *Montanya* (1981), 67 Ohio St. 2d 297 [21 O.O.3d 187].

Appellants, by urging this court to find their notice of appeal timely, have in essence requested this court to toll the time period for the filing of a notice of appeal. Throughout this appeal, this court has remained mindful that the Rules of Appellate Procedure severely restrict the ability of a court to make such a time extension. App. R. 4(A) provides that the time period will be tolled if either a Civ. R. 50(B) or 59 motion is made. No such motions were filed herein. Additionally, App. R. 14(B) provides that while the court may, under proper circumstances enlarge or reduce time prescriptions for doing

---

[1] Civ. R. 58 provides as follows:

"Subject to the provisions of Rule 54(B), upon a general verdict of a jury, or upon a decision announced, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it. A judgment is effective only when filed with the clerk for journalization. Entry of the judgment shall not be delayed for the taxing of costs."

certain acts, "* * * *the court may not enlarge or reduce the time for filing a notice of appeal."* (Emphasis added.)

In the instant case, the trial court did not violate any procedural rules, local or otherwise, in entering the judgment without giving actual notice to appellants. The record in the instant case indicates that the trial court issued the judgment entry, one it prepared by itself, with the clerk of courts on February 7, 1983. The record further reveals that the clerk mailed a time-stamped copy of the journalized final entry to appellants' counsel on February 8, 1983. There is no requirement in either the local or the Civil Rules that such notice be sent by any other process than by regular mail. Inasmuch as the record clearly indicates that notice of the filing of the judgment entry for journalization was given to appellants, that all local rules were complied with and that appellants did not file their notice of appeal within thirty days of the entry of this judgment as required by App. R. 4(A),[2] this court holds that the dismissal of appellants' appeal by the court of appeals for its failure to timely file their notice of appeal pursuant to App. R.4(A) was proper.

Appellants also contend that the dismissal of the notice of appeal was improper because only a single judge signed the entry dismissing the appeal contrary to App. R. 15(C). This rule, dealing with the power of a single judge to entertain motions provides in pertinent part that "* * * a single judge may not dismiss or otherwise determine an appeal or other proceeding * * *."

Correspondingly, App. R. 22 governs the entry of judgments. Division (A) provides that "[a]ll judgments shall be in the form of a journal entry signed *by a judge of the court* and filed with the clerk" (emphasis added), and Division (D) provides with regard to proposed journal entries as follows: "[s]uch entry as the court may deem proper shall be approved by the court, in writing, and filed with the clerk of the court for journalization."

From these rules, it is apparent that there is no mandatory requirement that each individual judge actually sign the judgment entry. The rules do require, however, that the matter be considered by the full panel.

In the instant case, the entry was signed as follows: "Robert E. Cook, Presiding Judge FOR THE COURT (Ford, J., not participating)." The form of this signature, especially when coupled with the notation that Judge Ford did not participate, plainly indicates that the matter was considered by a full panel of judges as the rules so require. Accordingly, this court finds appellants' argument in this vein challenging the dismissal to be without merit.

---

[2] Appellants filed their notice of appeal on April 18, 1983, some seventy days following the date of entry of the final judgment of the trial court.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, GREY, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

GREY, J., of the Fourth Appellate District, sitting for LOCHER, J.