ROGERS ET AL., APPELLANTS, *v.* UNITED PRESIDENTIAL LIFE INSURANCE COMPANY, APPELLEE.

(No. 86AP-696 — Decided
May 5, 1987.)

*Winkfield & Brooks Co., L.P.A.,*
and *Walter G. Brooks,* for appellants.

*Vorys, Sater, Seymour & Pease,*
*Michael W. Donaldson* and *John E.*
*Hoffman, Jr.,* for appellee.

NUGENT, J.   This is an appeal by
plaintiffs-appellants from the common
pleas court's denial of their motion for
relief from dismissal of their case pur-
suant to Civ. R. 60(B).

Appellants, Rogetta A. Rogers and
Wrisper Rogers, filed a complaint on
May 16, 1985 alleging that defendant-
appellee, United Presidential Life In-
surance Company, had improperly
distributed funds in certain annuities.
The appellee was granted several ex-
tensions to move or plead on the com-
plaint with the last extension being
granted by the trial court on Septem-
ber 26, 1985 until such time as the
court received "notification from
counsel as to the posture of this
action."

On February 25, 1986, appellee's
counsel filed an entry with the trial
court requesting that appellants file a
statement with the court by March 7,
1986 as to "the posture" of appellants'
action.[1] The entry stated that if such
statement was not filed, appellants' ac-
tion would be dismissed under Civ. R.
41(B), apparently for failure to comply
with a court order. After appellants
failed to file the requested statement
by March 7, 1986, the trial court
granted an *ex parte* entry of dismissal
of appellants' action when requested
by appellee on March 11, 1986.

On May 15, 1986, appellants filed a
motion for relief from the dismissal of
their case under Civ. R. 60(B) based on
appellants' assertion that they had
never received the entry requesting a
statement of the posture of the case or

---

[1] This court notes that the procedure
used by the appellee in this case was ir-
regular. If the appellee did not understand
appellants' complaint, the appellee should
have filed a motion for a more definite
statement under Civ. R. 12(E), rather than
requesting a statement as to "the posture"
of the case. Appellee's entry and support-
ing memorandum did not advise appellants
of what portions of the complaint were
allegedly ambiguous. Civ. R. 12(E). Alter-
natively, appellee could have filed a motion
to dismiss appellants' complaint based on
an assertion that the complaint failed to
state a cause of action. Civ. R. 12(B)(6).

the entry of dismissal for failure to comply with the order. Although appellee's attorney stated at the hearing on the Civ. R. 60(B) motion that he had sent the entries to appellants' attorney by regular mail according to the Civil Rules, appellants' attorney said at the hearing that he had never received either entry. Appellants' attorney told the trial court at the hearing, and by affidavit attached to appellants' Civ. R. 60(B) motion, that he discovered that the entries had been filed only after he received a refund check on the case from the clerk of courts, which then caused him to review the court files. After the hearing, the trial court overruled appellants' motion for relief from the dismissal of their case.

Appellants have timely appealed the trial court's decision and raise the following assignments of error:

"I. The trial court abused its discretion in dismissing appellants' motion for relief from judgment.

"II. The failure of the trial court to serve notice on appellants or [their] attorney frustrates the purpose of law and justice."

Appellants' first assignment of error asserts that the trial court abused its discretion by not granting appellants' Civ. R. 60(B) motion for relief from the dismissal. When a party requests relief from a judgment under Civ. R. 60(B), the party must show that:

"(1) [T]he party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. * * *" Civ. R. 60(B); *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, 150-151, 1 O.O. 3d 86, 88, 351 N.E. 2d 113, 116.

Appellants complied with all the requirements of Civ. R. 60(B). Appellants' claim that appellee improperly distributed funds in certain annuities is a meritorious claim. A motion for relief from judgment based on a failure of service has been held to be a reason for relief under Civ. R. 60(B)(5). *Rafalski* v. *Oates* (1984), 17 Ohio App. 3d 65, 17 OBR 120, 477 N.E. 2d 1212. Appellants also filed their motion within a reasonable time—approximately two months after the dismissal entry was filed.

Although an appellant has appeared to comply with all the requirements for a Civ. R. 60(B) motion, an appeals court will reverse a trial court's order on a motion to vacate a judgment only if the trial court has abused its discretion. *Doddridge* v. *Fitzpatrick* (1978), 53 Ohio St. 2d 9, 7 O.O. 3d 5, 371 N.E. 2d 214. Therefore, to determine whether the trial court abused its discretion in the case *sub judice*, this court must review the evidence presented at the hearing on the Civ. R. 60(B) motion. *Associated Estates Corp.* v. *Fellows* (1983), 11 Ohio App. 3d 112, 11 OBR 166, 463 N.E. 2d 417.

At the hearing, appellee's attorney showed that the entries had been properly mailed to the appellants' attorney by regular mail according to Civ. R. 5 and local rules of service. When the Civil Rules on service are followed, there is a presumption of proper service. However, this presumption can be rebutted with sufficient evidence. *Rafalski, supra; Grant* v. *Ivy* (1980), 69 Ohio App. 2d 40, 23 O.O. 3d 34, 429 N.E. 2d 1188.

Appellants' attorney stated at the Civ. R. 60(B) motion hearing that he did not receive the entry asking for a statement of the posture of the case or the entry dismissing the case for failure to file the statement. Appellants' attorney also said at the hearing that his failure to receive the en-

tries was stated in his sworn affidavit attached to appellants' Civ. R. 60(B) motion. He offered to be put under oath at the hearing in order to make a sworn statement that he had not received the entries. The trial judge, however, did not put him under oath at the hearing.

Other Ohio appeals courts have held that when a party makes a sworn statement that he did not receive service, there must be a further evidentiary showing that the party was served to rebut the party's statement. A court may not draw inferences which are contrary to the party's statement. *Rafalski, supra; Grant, supra.* This court has also held that a trial court abuses its discretion and it is reversible error for a court to overrule a party's motion to vacate a dismissal when the party has clearly demonstrated, through unchallenged testimony, that he had not received service. *Lin* v. *Reid* (1983), 11 Ohio App. 3d 232, 11 OBR 356, 464 N.E. 2d 189. This is true even if the other party has complied with the Civil Rules on service. *Rafalski, supra.*

We find that the statements of appellants' attorney at the hearing that he swore in his affidavit that he had not received the entries, and that he was willing to repeat the statement under oath at the hearing, placed the burden on the appellee to make a further evidentiary showing that the appellants had received the entries. Appellee entered no evidence which would refute the claim of appellants'

attorney that appellants had not received the entries.

There cannot be a Civ. R. 41(B)(1) failure to comply with an order when the appellants did not receive the order. The trial court had a duty, according to Civ. R. 41(B)(1), to give notice to the appellants of the motion to dismiss the appellants' case for failure to comply with a court order. This notice was necessary so that the appellants could apprise the court of the reasons for not complying with the order. *Metcalf* v. *Ohio State Univ. Hosp.* (1981), 2 Ohio App. 3d 166, 2 OBR 182, 441 N.E. 2d 299. According to the uncontradicted testimony at the Civ. R. 60(B) motion hearing, the appellants had not received notice of the dismissal.

For the foregoing reasons, this court finds that the trial court did abuse its discretion by overruling appellants' Civ. R. 60(B) motion. Therefore, appellants' first assignment of error is well-taken and is sustained.

Appellants assert as their second assignment of error that the failure of the trial court to serve notice on the appellants frustrates the purpose of law and justice. In *Moldovan* v. *Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St. 3d 293, 25 OBR 343, 496 N.E. 2d 466, the Supreme Court of Ohio held that the failure to give reasonable notice of final orders is a denial of the right of redress of injuries created by Section 16, Article I of the Ohio Constitution. The court found that this lack of notice frustrates the purpose of law and justice.[2]

---

[2] The Supreme Court of Ohio in *Moldovan* compared its ruling with the court's earlier decision in *Americare Corp.* v. *Misenko* (1984), 10 Ohio St. 3d 132, 10 OBR 454, 461 N.E. 2d 1304, by stating in a footnote:

"We find the case of *Americare Corp.* v. *Misenko* (1984), 10 Ohio St. 3d 132, inapposite. There we merely rejected ap-

pellants' argument that due process entitled a party to receive actual notice of a trial court decision in order to perfect a timely appeal. We decide only that failure to give reasonable notice renders Section 16, Article I of the Ohio Constitution and App. R. 4 meaningless." *Moldovan, supra,* at 296, 25 OBR at 345, 496 N.E. 2d at 468, fn. 3.

The appellants showed that they had not received reasonable notice of the entry of dismissal and that the trial court had not given appellants notice of the dismissal as is required by Civ. R. 41(B)(1). Therefore, we find that this lack of notice of the trial court's final order frustrated the purpose of law and justice. Appellants' second assignment of error is well-taken and is sustained.

Any doubts as to the merits of a movant's defense under Civ. R. 60(B) should be resolved in favor of the motion to set aside the judgment. *GTE Automatic Electric, supra.* Courts should decide cases on the merits whenever possible. *Perotti* v. *Ferguson* (1983), 7 Ohio St. 3d 1, 7 OBR 256, 454 N.E. 2d 951. Because appellants proved a meritorious defense to set aside the dismissal in that appellants had not received notice of the order or dismissal entry, this court believes this case should be given a further chance to be heard on the merits and reverses the trial court's ruling which overruled appellants' Civ. R. 60(B) motion.

Appellants' two assignments of error are sustained, and the judgment of the common pleas court is reversed. The cause is remanded for further proceedings.

*Judgment accordingly.*

STRAUSBAUGH, P.J., and REILLY, J., concur.

NUGENT, J., of the Cuyahoga County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.