OPINION
Appellant Arthur Fisher is appealing the decision of the Stark County Court of Common Pleas, Juvenile Division, which denied him relief from judgment pursuant to Civ.R. 60 (B). The facts giving rise to this appeal are as follows.
On September 17, 1977, Appellant Arthur Fisher and Appellee Cindy Fisher were married. One child, Christina Fisher, was born as issue of the marriage on September 12, 1979. The parties were granted a divorce, in Norfolk Virginia, on February 11, 1986.
Once appellee learned that appellant was no longer in active military service, she filed a complaint for custody of their minor daughter on November 21, 1995, in Stark County Juvenile Court. In the complaint, appellee requested that appellant be served personally. The juvenile court scheduled a hearing on this matter for January 30, 1996. Prior to the hearing, appellee contends that appellant confided in her and the parties minor child that he was not going to attend the hearing. Both appellee and her daughter testified regarding appellant's statement, before the magistrate, on January 30, 1996.
On March 15, 1996, the magistrate, by judgment entry, modified appellant's child support obligation by increasing it from $150 per month to $373.40 per month. Judgment Entry, March 15, 1996, at 1. A transmittal letter, with a copy of this judgment entry was mailed to appellant, at the same address where the complaint for custody had been served personally. Appellant contends that he was not aware of the hearing date and child support modification until he received, through his father, a copy of the Judgment Entry and Wage Assignment Order on or about March 24, 1996.
On May 19, 1997, approximately one year and two months after the trial court modified his child support obligation, appellant filed a motion for relief from judgment pursuant to Civ.R. 60 (B). The juvenile court conducted a hearing and overruled appellant's motion for relief from judgment on June 10, 1997. Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S 60 (B) MOTION.
 I
Appellant contends, in his sole assignment of error, that the trial court erred when it denied his motion for relief from judgment because he did not receive notice of the hearing date and the trial court therefore lacked personal jurisdiction over him. Further, appellant contends if the trial court had granted his Civ.R. 60 (B) motion he had a meritorious defense to present. We agree.
In the case sub judice, appellant is not entitled to relief from judgment pursuant to Civ.R. 60 (B)(1), (2) or (3) because he did not file his motion within one year from the judgment entry of March 15, 1996. Therefore, appellant can only seek relief under Civ.R 60 (B)(4) or (5).
We do find that appellant is entitled to relief from judgment under Civ.R. 60 (B)(5) on the basis that he did not receive notice of the hearing. Civ.R. 4.1 addresses service and provides that for personal service, when a copy of the process has been served, the person serving process shall endorse that fact on the process and return it to the clerk who shall make the appropriate entry on the appearance docket. This did not occur in this case. The rule further provides:
 If the envelope is returned with an endorsement showing failure of delivery, the clerk shall forthwith notify by mail, the attorney of record * * *. Civ.R. 4.1 (A).
This also did not occur. However, despite the failure to comply with Civ.R. 4.1, the magistrate determined that appellant had notice of the hearing date pursuant to the sworn testimony from appellant and the parties minor daughter that appellant had in fact received the summons, but had indicated to both that he did not intend to attend the hearing. Tr. Civ.R. 60 (B) Hrng. at 7.
We agree with appellant that a court lacks jurisdiction to enter a judgment against him if effective service of process was never made upon him and he did not appear in the case or otherwise waived service. Rite Rug Co., Inc. v. Wilson (1995), 106 Ohio App.3d 59,62, citing Maryhew v. Yova (1984), 11 Ohio St.3d 154,156. Since a motion to vacate judgment for want of personal jurisdiction constitutes a direct attack upon the judgment it does not have to satisfy the requirements of Civ.R. 60 (B). Rite RugCo., Inc. at 62, citing Leroy Jenkins Evangelistic Assn., Inc. v.Equities Diversified, Inc. (1989), 64 Ohio App.3d 82, 89.
Although a motion to vacate a void judgment need not comply with Civ.R. 60 (B), relief has been granted under Civ.R. 60 (B)(5) for failure of service. Rogers v. United Presidential Life Ins.Co. (1987), 36 Ohio App.3d 126; Nationwide Ins. Co. v. Mahn
(1987), 36 Ohio App.3d 251. Therefore, whether styled as a Civ.R. 60 (B) motion or a motion to vacate, it is not necessary for appellant's motion to set forth a meritorious defense or for it to be timely filed. Rite Rug Co., Inc. at 63, citing Patton v.Diemer (1988), 35 Ohio St.3d 68.
Thus, the sole issue we are to determine is whether appellant received effective service of process. As noted above, the requirements contained in Civ.R. 4.1 regarding what procedures should be taken when personal service is or is not completed were not complied with by the clerk's office. From a review of the record, we conclude that the evidence is insufficient to find that service of process was properly made upon appellant. In support of his motion, appellant submitted an affidavit which appellee did not contradict. It is an abuse of discretion by the trial court to overrule a motion to vacate when the party has clearly demonstrated, through unchallenged testimony, that he did not receive service. Rogers at 129; Lin v. Reid (1983), 11 Ohio App.3d 232,235.
Appellant's assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, J., Gwin, P.J., concur.
Hoffman, J., concurs separately.
 JUDGMENT ENTRY
CASE NO. 1997CA00215
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division of Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.