OPINION
Defendants-appellants, Purchase Plus Buyer's Group, Inc. ("PPBG"), Thayer C. Lindauer, and Gene Armold, appeal from a judgment entry of the Franklin County Municipal Court that awarded $3,000 with interest and costs to plaintiff-appellee, Gisela K. Baumann. Because proper service of the complaint has not been determined, we reverse.
On August 8, 2000, plaintiff filed a complaint in the Franklin County Municipal Court, Small Claims Division, demanding $3,000 plus filing fees, other court costs, and ten percent interest per annum from the date of judgment. Plaintiff named six defendants in the lawsuit including PPBG, Lindauer, and Armold. On August 8, 2000, a summons and a copy of the complaint were issued to the six named defendants. The notice of court appearance indicated that plaintiff's claim would be considered at a trial to be held on September 6, 2000.
In a September 6, 2000 decision, filed on September 11, 2000, the magistrate stated:
 Case called for trial at 2:15 P.M. Plaintiff in court. Defendant(s) failed to appear when called. Judgment for plaintiff in the amount of $3,000.00 plus court costs, and interest at the rate of 10% per annum from the date of judgment.
In a judgment entry filed on September 11, 2000, the trial court adopted the magistrate's decision and entered judgment in plaintiff's favor.
On September 25, 2000, Armold filed objections to the magistrate's decision and a motion to vacate the trial court's judgment. Armold contended (1) plaintiff failed to obtain service of process when plaintiff attempted service at Armold's former business address, (2) plaintiff was contractually bound to submit any claims to binding arbitration, and (3) plaintiff had no cause of action against Armold in his individual and personal capacity.
Similarly, on September 27, 2000, pursuant to Civ.R. 55(B), 60(B), 62(A), and R.C. 2711.03, PPBG and Lindauer filed a motion to set aside the default judgment, to stay execution of the judgment, and to enforce the arbitration clause in plaintiff's contract. In their motion, PPBG and Lindauer contended (1) plaintiff failed to disclose the complete contract with PPBG, (2) plaintiff was contractually bound to submit any claims to arbitration, (3) plaintiff had no colorable claim against Lindauer, and (4) PPBG and Lindauer did not receive proper service of process.
In its February 27, 2001 judgment entry again adopting the magistrate's decision, the trial court did not expressly rule on Armold's motion to vacate judgment or the motion of PPBG and Lindauer to set aside the default judgment, stay execution of the judgment, and enforce the arbitration clause.
Armold, Lindauer, and PPBG (collectively, "defendants") timely appeal. Armold assigns one error:
 THE TRIAL COURT ERRED IN GRANTING DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF GISELA BAUMANN AND DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT AS A MATTER OF LAW.
PPBG and Lindauer also assign one error:
 THE TRIAL COURT ERRED IN GRANTING DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF-APPELLEE GISELA BAUMANN AND DENYING DEFENDANTS-APPELLANTS' MOTION TO SET ASIDE JUDGMENT AS A MATTER OF LAW.
Because the assigned errors are interrelated, we address them jointly. Defendants initially assert the trial court erred in failing to find plaintiff did not properly serve defendants with summons and complaint.
R.C. Chapter 1925 governs proceedings in the Small Claims Division of the municipal court. R.C. 1925.05(A) provides that "[n]otice of the filing [commencing the action] shall be served on the defendant as provided by the Rules of Civil Procedure." Civ.R. 4 and 4.1 provide for service of process and set forth methods of service, including service by certified mail.
"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. * * * The notice must be of such nature as reasonably to convey the required information * * * and it must afford a reasonable time for those interested to make their appearance[.]" Mullane v. Cent. Hanover Bank Trust Co. (1950), 339 U.S. 306, 314. "Service of process may be made at an individual's business address pursuant to Civ.R. 4.1(1), but such service must comport with the requirements of due process." Akron-Canton Regional Airport Auth. v. Swinehart (1980),62 Ohio St.2d 403, syllabus.
Here, the record indicates that on August 8, 2000, a summons and copy of the complaint were sent to Armold at the business address of PPBG in Westerville, Ohio; a signed certified receipt was returned. Armold contends he did not sign the return receipt card, and in an affidavit filed with objections to the magistrate's decision, Armold averred he "was never served with a copy of the Complaint in this matter by certified mail, personal service or by residence service." (Affidavit, para. 3). Rather, he stated "* * * some person not known to me signed the `return receipt' card for said Complaint on August 11, 2000." (Id. at para. 4.) Further, Armold averred he "* * * sold all of my interests in PPBG in April of 2000. I have not been to the offices of PPBG since May of 2000." (Id. at para. 5.)
A rebuttable presumption of proper service arises when a party complies with the Ohio Rules of Civil Procedure. Rogers v. United Presidential Life Ins. Co. (1987), 36 Ohio App.3d 126, 128. Armold, however, contends he did not receive service of process. In Wilson's Auto Serv., Inc. v. O'Brien (Mar. 4, 1993), Franklin App. No. 92AP-1406, unreported, this court stated:
 * * * Ordinarily, even though service pursuant to Civ.R. 4(B)(6) is made at an address reasonably calculated to reach the defendant, a sworn statement by a defendant that he or she never was served with the complaint at least warrants the trial court's conducting a hearing to determine the validity of defendant's assertions. * * * The trial court herein erred in failing to afford the defendant the opportunity for such a hearing, given defendant's affidavit. At the hearing, and depending on the evidence, the trial court need not accept as credible defendant's testimony that he was not served with the complaint herein; nonetheless, the trial court may not summarily overrule a Civ.R. 60(B) motion supported by an affidavit so stating.
See, also, Ohio Civ. Rights Comm. v. First Am. Properties, Inc. (1996),113 Ohio App.3d 233, 239 (concluding the court must hold a hearing on Civ.R. 60(B) motion if movant's affidavit attests he did not actually receive the process); Oxley v. Zacks (Sept. 29, 2000), Franklin App. No. 00AP-247, unreported ("[T]his court has specifically held that a trial court is not required to give preclusive effect to a movant's sworn affidavit statement that he did not receive service of process when the record contained no other indication that service by ordinary mail was ineffectual").
Accordingly, the trial court erred in failing to conduct an evidentiary hearing to determine the validity of Armold's assertions concerning failure of service. At that hearing, the trial court may apply the standard measures in assessing the credibility of the evidence submitted. See Oxley and Wilson's Auto Serv., supra. Similarly, the trial court failed to consider the claims of failure of service asserted by PPBG and Lindauer. Because an evidentiary hearing to determine the validity of the claims of failure of service is appropriate under their motion to vacate, the trial court erred in failing to conduct such a hearing. See Wilson's Auto Serv. and First Am. Properties, supra.
Defendants also contend the trial court erred because its judgment is contrary to plaintiff's contract with PPBG that required binding arbitration. According to attachments to the motion to vacate filed in the trial court, plaintiff on January 27, 2000, signed an "Independent Associate Application" with PPBG. Item 10 of the "Associate Terms 
Conditions" of the application provided in part that "any claim, dispute or other differences between them shall be exclusively resolved by binding arbitration."
Arbitration is an encouraged method to settle disputes, and a presumption favoring arbitration arises when a claim in dispute falls within the scope of the arbitration provision of a contract. Williams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464, 471, certiorari denied (1999),526 U.S. 1051. "The right to arbitration, however, just like any other contractual right, may be waived * * * either by express words or by necessary implication. * * * [A]cts inconsistent with the right to proceed with arbitration, including actively participating in litigation, may effect a waiver." Griffith v. Linton (1998), 130 Ohio App.3d 746,751.
Here, because defendants failed to appear at the September 6, 2000 trial, the magistrate issued a default judgment in plaintiff's favor. However, due to defendants' contentions that they were not properly served with process, and the trial court's failure to address whether defendants were properly served, the trial court's jurisdiction to issue a default judgment is uncertain. See State ex rel. Ballard v. O'Donnell (1990), 50 Ohio St.3d 182, 183, quoting Lincoln Tavern, Inc. v. Snader (1956), 165 Ohio St. 61, 64 ("It is axiomatic that for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void"). Similarly, whether the trial court was permitted to issue a valid default judgment in contravention of the arbitration clause is uncertain, as defendants cannot be deemed to have waived the arbitration process through failure to assert it if they were not served properly with the summons and complaint.
If on remand the trial court determines in an evidentiary hearing that service of process was not effected upon defendants, then the trial court was without proper jurisdiction to issue a default judgment and its judgment is a nullity, rendering defendants' arguments regarding arbitration moot. See Ballard, supra, at 183-184. Alternatively, if on remand the trial court determines in an evidentiary hearing that defendants were properly served with summons and complaint, then the issue resolves to whether defendants waived the arbitration clause by failing to assert it following service of process.
Generally, a party defendant can preserve the right to arbitrate by asserting the right and seeking a stay of the legal proceeding pending arbitration. Mills v. Jaguar-Cleveland Motors, Inc. (1980),69 Ohio App.2d 111, 113; Toole Sons Electric, Inc. v. Columbus Housing Partnership (Nov. 13, 1997), Franklin App. No. 97APG03-380, unreported. The issue, however, is complicated by the procedures employed in the small claims division. Because no judge or magistrate of the municipal court ordered defendants to file an answer or responsive pleading to plaintiff's complaint, defendants were not required to file one. Loc.R. 11.01; see, also, Shokles v. Beatley (Dec. 19, 1995), Franklin App. No. 95APG05-665, unreported. On the other hand, under R.C. 1925.05(A), in a small claims division, a default judgment may be entered against a party who fails to appear at a hearing. Shokles, supra. Moreover, "[i]f judgment be by default, then no ex parte presentation of evidence is necessary, absent the need for evidence to determine the amount of damages." Id.
Because defendants were not required to file a responsive pleading under R.C. Chapter 1925 or Loc.R. 11.01, defendants were not required to raise the issue of arbitration enforcement in an answer or other responsive pleading. However, as noted in Mills and Toole, a defendant must take some action to preserve the right to arbitrate. More specifically, in the context of a small claims proceeding, defendants would be required to appear at trial to seek a stay of the proceedings under R.C. 2711.02, and thereby preserve their right to arbitrate. To allow the contrary would contradict the rationale of R.C. 1925.05(A) that permits default judgment when a properly noticed defendant fails to appear at trial. As a failure to appear admits liability and waives defenses to the allegations of the complaint, so the failure to act to preserve the opportunity to arbitrate waives the arbitration clause. If defendants received proper service of process, their failure to take any action prior to judgment to enforce the arbitration clause in the contract at issue is a waiver of the right to arbitration.
In the next issue presented, both Armold and Lindauer contend the trial court erred when it improperly pierced PPBG's corporate veil and imputed personal liability against them. Resolution of the assigned error again depends on the trial court's resolution of the service of process issue. If Armold and Lindauer were not properly served, the judgment against them, including the personal liability resulting from piercing the corporate veil, is a nullity. If, however, defendants were properly served, then failure to attend the hearing constitutes an admission of liability, including personal liability, arising from piercing the corporate veil.
In the last issue presented, Armold contends the trial court erred in wholly failing to consider Armold's arguments in his objections to the magistrate's decision and in his motion to vacate. Similarly, PPBG and Lindauer contend the trial court erred in wholly failing to consider the arguments raised in their motion to set aside judgment.
Civ.R. 53(E)(4)(b) provides that a "court shall rule on any objections" to a magistrate's decision, and a "court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." In its February 27, 2001 judgment entry, the trial court considered Armold's objections and made the following determination:
 This cause came on before the court upon defendants' Objection to the Magistrate's Decision. The court has reviewed the Complaint and the Findings of Fact and Conclusions of Law submitted by the Magistrate.
 The magistrate heard the testimony of the witnesses and reviewed the exhibits at the hearing on this matter on September 6, 2000. No stenographic record was taken of the proceedings.
 The magistrate had adequate opportunity to assess the credibility of the witnesses at the hearing and to attach appropriate weight to their testimony and the exhibits submitted.
 Upon a review of the Findings of Fact and Conclusions of Law, the court is of the opinion that there is an adequate factual and legal basis presented for the ruling of the magistrate.
 Consequently, defendants' Objection to the Magistrate's Decision is overruled. Pursuant to Civil Rule 53 the Magistrate's Decision is adopted and approved. Judgment is hereby rendered for plaintiff in the amount of $3,000.00 with interest. Costs to defendants.
The trial court's February 27, 2001 decision is incorrect because (1) the magistrate made no findings of fact or conclusions of law, (2) the record does not support a conclusion that any testimony or exhibits were submitted into evidence, and (3) the record contains no indication of any testimony from the September 6, 2000 proceeding from which credibility may be ascertained. Because the trial court's reasoning is erroneous, Armold's argument is well-taken.
Defendants also moved the trial court for relief from judgment. In GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Ohio Supreme Court determined the following:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
Here, defendants' motions for relief from judgment raised the issues discussed in disposing of defendants' assigned errors. Because the trial court erred in failing to conduct an evidentiary hearing on the motions insofar as they raise issues regarding failure of service, the trial court erred in overruling the motions. As discussed, the merits of the other issues raised in those motions will be determined by the trial court's resolution of the service of process issue.
Given the foregoing, we sustain defendants' assignments of error to the extent indicated, reverse the trial court's judgment, and remand this case for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
BOWMAN and PETREE, JJ., concur.