JOURNAL ENTRY and OPINION
Plaintiff-appellant Shirley Johnson appeals from the trial court order that denied her motion for relief from a judgment of dismissal of her complaint.
Appellant argues the trial court's order was improper, contending she did not receive notice her complaint was subject to dismissal for her failure to attend a pretrial hearing, and further contending the dismissal of her complaint without notice compromised her right to due process of law. Appellant's first contention, however, is unsupported in the record, and this court may not address appellant's second contention. Therefore, the trial court's order is affirmed.
On May 31, 2000 appellant filed her complaint against defendants-appellees Meridia Euclid Hospital, The Cleveland Clinic Foundation, Dr. Cary Scott, and Dr. Riaz Tarar, alleging their medical malpractice in August 1996 caused the death of her son Christopher. Appellant proceeded pro se and set forth as her address in both the caption and above her signature of verification the following: "125 East 156th Street, Cleveland, Ohio 44110." Each appellee eventually filed an answer to the complaint.
On June 23, 2000, since the case previously voluntarily had been dismissed by appellant, appellant's case was reassigned pursuant to Sup.R. 36(D) to the trial court that originally had presided over it. The docket reflects the post-card notifications to appellant of this event that were sent through the postal service were "returned," thus indicating they had not been delivered.[1]
On July 14, 2000 the trial court issued an order scheduling a case management conference for August 15, 2000 at 9:15 a.m. Once again, the docket reflects the post-card notification of the order to appellant was "returned" to the court undelivered.[2]
On August 24, 2000 the trial court issued an order stating verbatim as follows:
 Case Mgmt Conf called 8/15/00. No appearance by PLTF. Case Mgmt Conf is hereby reset for 9/14/00 at 9:15 a.m. in Courtroom 23-D. PLTF is hereby notified that failure to appear on 9/14/00 will result in dismissal of this case for failure to prosecute, pursuant to Ohio Rule of Civil Procedure 41(B)(1).
On September 5, 2000 the docket reflects the post-card notification of the foregoing addressed to appellant was "returned" undelivered.[3]
On September 19, 2000 the trial court issued an order that statedverbatim the following:
 Second Case Mgmt Conference called 9/14/00; plaintiff failed to appear for second time. Pursuant to this court's entry of 8/24/00, case is hereby dismissed for failure to prosecute, pursuant to Ohio R. Civ. P. 41 (B)(1). This dismissal is with prejudice, as case had been previously filed and dismissed. Final.
Since the post-card notification to appellant of the foregoing order was not returned to the trial court by the postal service, appellant apparently received it.
Eight months later on May 18, 2001, appellant filed in the trial court a motion for relief from the judgment of dismissal. Although appellant now was represented by counsel, she did not refer to Civ.R. 60(B) in her motion. Instead, appellant cited only Civ.R. 41(B) and argued she had received notice of neither the scheduled case management conferences nor the possibility of the sanction of dismissal for her failure to attend them.
Appellant supported her motion both by reference to the trial court's docket entries that indicated post-card notices to her had been returned and by her affidavit. In pertinent part, appellant averred she was the plaintiff in the case, she had been required by circumstances to represent herself in refiling her action, she had received no notices of either scheduled case management conferences or the sanction of dismissal, if she had received notices she would have attended, and finally, she "did not think there was any need for [her] to inquire into whether anything was or had been scheduled" in the case by the trial court.
Appellees each filed a brief in opposition to appellant's motion. Simply stated, appellees argued appellant's motion lacked merit. Appellee Dr. Tarar attached to his brief his counsel's affidavit; counsel averred she had sent via the postal service several documents to appellant's address as listed on the complaint which had not been returned.
On July 11, 2001 the trial court overruled appellant's motion for relief from judgment.
Appellant has filed her appeal from the foregoing order and presents two assignments of error for review.
Appellant's first assignment of error states:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.
Appellant argues the trial court improperly overruled her motion for relief from judgment. She apparently contends she provided evidence sufficient to constitute a reason justifying relief pursuant to Civ.R. 60(B)(5). Appellant's argument, however, is unsupported in the record.
To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must meet the following three requirements: 1) she is entitled to relief on one of the grounds set forth in subsections (B)(1) through (5); 2) she has meritorious claim to assert against the prevailing parties; and 3) her motion has been made within a reasonable time. GTEAutomatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, syllabus 2. If any one of these three requirements is not met, the motion should be overruled. Svoboda v. Brunswick (1983), 6 Ohio St.3d 348. Moreover, the question of whether relief should be granted is left to the sound discretion of the trial court. Griffey v. Rajan (1987), 33 Ohio St.3d 75. A review of the record in this case reveals appellant met none of the requirements of a successful Civ.R. 60(B) motion.
With regard to the first requirement, this court previously has stated the relevant analysis as follows:
 The following two axioms apply in the case sub judice: (1) "a court of record speaks only through its journal and not by oral pronouncement * * *." Schenley v. Kauth (1953), 160 Ohio St. 109 paragraph one of the syllabus; and (2) an entry on the trial court's docket constitutes notice of a decision. Reis Flooring Co. v. Dileno Constr. Co. (1977), 53 Ohio App.2d 255.
 It is well settled that a judgment is final, effective and imbued with a permanent character when filed with the clerk of the trial court pursuant to Civ.R. 58. William Cherry Trust v. Hofmann (1985), 22 Ohio App.3d 100, paragraph three of the syllabus. However, "no provision in Ohio law or rule of civil or appellate procedure requires that a party be given actual notice of the filing of a judgment entry." American Corp. v. Misenko (1984), 10 Ohio St.3d 132. * * * Rather, notice shall be deemed to have been provided once the clerk has served notice of the entry and made the appropriate notation on the docket. Atkinson v. Grumman Ohio Corporation (1988), 37 Ohio St.3d 80, syllabus 2(c). Moreover, the validity of a judgment is not affected by a party's failure to receive such notice. Id.
* * *
 * * * [P]arties are expected to keep themselves informed of the progress of their case, see, e.g., State Farm Mut. Auto. Ins. Co. v. Feller (1989), 63 Ohio App.3d 357. Therefore, plaintiff had a duty to check the docket * * *.
Hershbain v. Cleveland (June 4, 1992), Cuyahoga App. Nos. 60631, 61121, unreported.
Furthermore, appellant's averments she did not receive the post-card notices from the trial court did not constitute excusable neglect pursuant to Civ.R. 60(B)(5): appellant was the person who provided the address. Investors REIT One v. Fortman (Jan. 16, 2000), Franklin App. No. 00AP-195, unreported.
Appellant also failed to aver she had a meritorious claim to assert against appellees. Weaver v. Colwell Financial Corp. (1992),73 Ohio App.3d 139, 145; cf., Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 106-107.
Finally, appellant failed to file her motion until eight months had passed. Appellant gave no explanation for this delay, therefore, her motion for relief from judgment was untimely. Id., at 106; Mount OliveBaptist Church v. Pipkins Paints (1979), 64 Ohio App.2d 285, 289.
The record thus supports the conclusion appellant could not meet the requirements of Civ.R. 60(B). Consequently, the trial court neither erred nor abused its discretion in denying appellant's motion for relief from judgment. Weaver v. Colwell Financial Corp., supra.
Accordingly, appellant's first assignment of error is overruled.
Appellant's second assignment of error states:
 THE TRIAL COURT VIOLATED THE PLAINTIFF'S RIGHTS UNDER SECTION 16, ARTICLE 1, OHIO CONSTITUTION THAT EVERY INJURED PARTY SHALL HAVE REMEDY BY DUE COURT OF LAW, AND SHALL HAVE JUSTICE ADMINISTERED WITHOUT DENIAL OR DELAY BY DISMISSING THE WITHIN ACTION WITHOUT MEANINGFUL NOTICE TO THE PLAINTIFF.
Appellant argues the trial court's order of dismissal of her complaint does not comply with constitutional requirements of due process of law. This court, however, may not address appellant's argument. Appellant filed no notice of appeal from that order. App.R. 4(A); State ex rel.Richard v. Cuyahoga Cty. Commrs. (2000), 89 Ohio St.3d 205, 206.
Appellant's second assignment of error also is overruled.
The trial court's order is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and TERRENCE O'DONNELL, J. CONCUR
[1] None of the post-cards, however, appears in the record on appeal.
[2] The post-card itself, however, is absent from the record on appeal.
[3] See footnote 2.