OPINION.
{¶ 1} Plaintiff-appellant Nathan Dowers appeals from the trial court's judgment granting the motion of the defendant-appellee, Heidi Krause, to "set aside default judgment" entered on Dowers's complaint against her for malicious prosecution and fraud. Finding that the trial court did not abuse its discretion in vacating the default judgment, we affirm.
 {¶ 2} Dowers filed a complaint seeking damages against Krause for malicious prosecution and fraud, claiming that she had altered her copy of a protection order and had thereby caused him to be incarcerated in the Hamilton County Justice Center for two days. Dowers was ultimately acquitted of the criminal charges.
 {¶ 3} Dowers attempted service of process by certified mail at Krause's address as it was listed in the caption of the complaint. The certified mail was returned marked "unclaimed." He next attempted service by ordinary mail, which was returned with the notation, "not at this address." He then requested personal service at the same address. The sheriff's return was marked, "unable to serve."
 {¶ 4} On February 6, 2003, Dowers filed a praecipe for service of summons by publication, with an accompanying affidavit. Subsequently, the magistrate granted a default judgment against Krause in the sum of $10,000. The trial court adopted the magistrate's report on May 22, 2003. On June 26, 2003, Dowers certified the default judgment as a lien against Krause's real estate.
 {¶ 5} Krause filed her motion to "set aside" the default judgment on July 14, 2003. She urged the trial court to grant her motion because, she stated, "she was never properly served for a court date and was not there to defend herself at court." After Dowers had filed a memorandum in response to the motion, the trial court, without elaboration, granted Krause's motion and set the case for a pretrial conference.
 {¶ 6} The trial court's order "set[ting] aside" the default judgment was a final appealable order. See R.C. 2505.02(B)(3). We, therefore, have jurisdiction to address Dowers's immediate appeal of the trial court's order. See R.C. 2505.03(A).
 {¶ 7} A failure of service of process constitutes grounds for relief from a default judgment under Civ.R. 60(B)(5). SeeInfinity Broadcasting, Inc. v. Brewer, 1st Dist. No. C-020329, 2003-Ohio-1022, at ¶ 6; see, also, Rogers v. United PresidentialLife Ins. Co. (1987), 36 Ohio App.3d 126, 128, 521 N.E.2d 84. "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken." GTE Automatic Elec. v. ARC
Industries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. The decision to grant or to deny Civ.R. 60(B) relief is committed to the sound discretion of the trial court and will not be disturbed on appeal in the absence of some demonstration that the court abused its discretion. See RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,520 N.E.2d 564, syllabus.
 {¶ 8} We have held that when, as here, a party attempts to obtain service by publication, strict compliance with Civ.R. 4.4 is required, and that "[when] service of process is defective, any judgment rendered on the complaint is a nullity and is void."Anstaett v. Benjamin, 1st Dist. No. C-010376, 2002-Ohio-7339, at ¶ 13-14, citing Lincoln Tavern, Inc. v. Snader (1956),165 Ohio St. 61, 64, 133 N.E.2d 606.
 {¶ 9} When a defendant's residence is unknown, Civ.R. 4.4(A) provides for service by publication. But before service by publication can be made, Civ.R. 4.4(A) requires that an affidavit of the party or counsel must be filed with the court and "shallaver that service of summons cannot be made because the residenceof the defendant is unknown to the affiant, all of the effortsmade on behalf of the party to ascertain the residence of thedefendant, and that the residence of the defendant cannot beascertained with reasonable diligence." (Emphasis added.) When, however, the defendant's residence is known, Civ.R. 4.4(B) permits service by publication only where authorized by law — typically for in rem actions — and only where other more particularized methods of giving notice are unavailable or ineffective. Even for in rem actions, "due process requires that a defendant receive a type of notice or service more effective than publication if defendant's residence is known to plaintiff." 4 Anderson's Ohio Civil Practice (1996) 263, Section 150.56.
 {¶ 10} The affidavit of Dowers's counsel in support of service by publication did not minimally comply with the requirements of Civ.R. 4.4(A). His affidavit stated, "[T]he Defendant is still residing at 6245 Sturdy Road, Cincinnati Ohio 45230. * * * Affiant further states reasonable diligence was utilized to ascertain the whereabouts of the party to be served." (Emphasis added.) If the residence of Krause was known, as the affidavit for publication stated, it was incumbent upon Dowers under Civ.R. 4.4 to state how service by publication was authorized by law. Those categories that authorize service by publication are set forth in R.C. 2307.14. Here, there was no suggestion in the affidavit that Krause had concealed her whereabouts to avoid service of summons pursuant to R.C.2307.14(L), as Dowers now contends in his brief, or specifically what, if any, efforts he had used to locate her. See Anstaett v.Benjamin, supra, at ¶ 13. Therefore, Krause demonstrated sufficient grounds for relief under Civ.R. 60(B)(5) because of the failure of service of process. See Infinity Broadcasting,Inc. v. Brewer, supra, at ¶ 6.
 {¶ 11} Krause also alleged facts in her motion sufficient to satisfy the requirement of Civ.R. 60(B) that she have a meritorious defense to Dowers's malicious-prosecution claim. With the overruling of Dowers's Crim.R. 29 motion for a judgment of acquittal in his criminal trial and Krause's denial that she had altered the protection order, there was evidence of probable cause to institute her prosecution of Dowers that was sufficient to counter his claim in his civil action that she had acted intentionally or with malice. See Crim.R. 29.
 {¶ 12} For these reasons, the trial court did not abuse its discretion when it granted Krause's Civ.R. 60(B) motion. The assignment of error is overruled.
 {¶ 13} Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
Doan, P.J., and Sundermann, J., concur.