OPINION
{¶ 1} National Check Bureau, Inc. (hereinafter "NCB") appeals from the judgment of the Dayton Municipal Court vacating a judgment it recovered against Appellee, Carl Johnson.
 {¶ 2} This matter began on January 26, 2005, when NCB filed a complaint against Johnso seeking a judgment against Johnson in the amount of Fourteen-Thousand, Six Hundred Forty-Tw *Page 2 
Hundred Forty-Two Dollars and Fifteen Cents ($14,642.15) due upon a credit card obligation. O February 24, 2005, Attorney Jeffrey Slyman filed an answer on Johnson's behalf denying th allegations of the complaint. On March 3, 2005, NCB's counsel served Johnson through Slyma with a set of interrogatories and a request for admissions. On April 5, 2005, Slyman submitted a se of interrogatories to NCB through its counsel. On June 10, 2005, NCB's counsel filed credit car statements reflecting the balance due on Johnson's account. On July 8, 2005, the court set a tria date for October 21, 2005, and then on July 15, 2005, re-set the trial for November 22, 2005.
 {¶ 3} NCB moved for summary judgment on July 18, 2005. Counsel, Susan Appel, attache a certificate of service stating that she served Johnson's counsel by ordinary mail a copy of th motion. Attached to the motion was the affidavit of Pamela Harbaugh, the keeper of the record concerning Johnson's account. The trial court granted NCB's summary judgment motion an entered judgment in its favor on November 18, 2005. On November 22, 2005, the day previously se for trial, the trial court entered an order permitting Johnson to move for Civ.R. 60(B) relief b December 13, 2005. On December 13, 2005, counsel for Johnson moved for Civ.R. 60(B) relief and in an accompanying memorandum, stated he first became aware that a judgment had been rendere against Johnson when he appeared for trial on November 22, 2005. He asserted that he did no receive a copy of NCB's summary judgment motion. Counsel requested that the judgment b vacated and the matter set for trial. In the alternative, counsel requested that he be given two week to respond to the summary judgment motion of which he now had a copy. NCB's counsel requeste that the court deny Johnson's motion. Counsel attached the affidavit of Pamela Harbaugh wh stated, "NCB's internal records state NCB `mailed the motion for summary judgment to court wit *Page 3 
with copy to defendant's attorney.'" This notation was made July 14, 2005 at 11:41 a.m.
 {¶ 4} On March 6, 2006, visiting judge Susan Anderson conducted a hearing on Johnson' motion. Counsel for the plaintiff represented to the court that the motion for summary judgment wa mailed to counsel for Johnson and it was not returned to her. Counsel for Johnson stood on hi previous representation in the Civ.R. 60(B) motion that he did not receive a copy of the plaintiff summary judgment motion. He also stated that his client applied for the credit card corporately rathe than individually. (T. 4). The court then found that the defendant's attorney did not receive th summary judgment motion and accepted "the possibility there may be a meritorious defense to th case." (T. 5). The court then granted Johnson's motion to vacate the summary judgment previousl entered.
 {¶ 5} In three related assignments of error, NCB argues that the trial court abused it discretion in vacating the judgment previously awarded to it. In its first assignment, NCB argues tha Johnson failed to present a meritorious defense as required by Civ.R. 60(B). In its secon assignment, NCB argues that Johnson did not demonstrate excusable neglect for not responding t its motion for summary judgment. Lastly, NCB argues that Johnson's motion was not timely made Johnson's counsel argues the motion was properly granted because he did not receive a copy of th summary judgment motion and his motion for relief from the judgment was filed as soon as h learned the summary judgment was entered or within the time granted by the court for filing th motion.
 {¶ 6} In this matter, the trial court found that Johnson's counsel did not receive a copy o NCB's motion for summary judgment. That finding is entitled to deference by us. Although counse did not provide an affidavit, he made a professional representation to the court in his memorandum in support of his motion that he did not receive the motion. NCB did not present an affidavit of th *Page 4 
did not present an affidavit of the person who mailed the motion to Slyman. If Johnson's counse was unaware of the pending matter, the court denied his client due process when it entered th summary judgment. We have held "the demonstration of the existence of a meritorious defens requires a proffer of evidentiary materials upon which the movant would rely in responding" to th summary judgment motion. Dysert v. State AutoMut. Ins. Co. (Apr. 23, 1999), Miami App. No. 98 CA-46, 1999 WL 234779, at * 2. We believe the court could infer from counsel's representatio regarding a defense to the complaint that Johnson would provide an affidavit that he applied for th credit card in a corporate capacity, not an individual one. See Id. Lastly, the motion for relief unde the rule was timely made.
 {¶ 7} We find no abuse of discretion present in the trial court's granting Johnson relie pursuant to Civ.R. 60(B). See Rogers v. UnitedPresidential Life Ins. Co. (1987), 36 Ohio App.3 126, 521 N.E.2d 845.
 {¶ 8} The judgment of the trial court is Affirmed.
FAIN and GRADY, JJ., concur.
Copies mailed to:
Stacie Barhorst
Jeffrey D. Slyman
 Hon. Bill C. Littlejohn *Page 1