[Cite as *Autovest, L.L.C. v. Patterson*, 2021-Ohio-3690.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| AUTOVEST, LLC | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 29048 |
| | : | |
| v. | : | Trial Court Case No. 2018-CVF-1216 |
| | : | |
| SHAWN PATTERSON | : | (Civil Appeal from |
| | : | Municipal Court) |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of October, 2021.

. . . . . . . . . . .

BRAD A. COUNCIL, Atty. Reg. No. 0081342, 644 Linn Street, Suite 720, Cincinnati, Ohio 45203
    Attorney for Plaintiff-Appellant

SHAWN PATTERSON, 222 East Nottingham Road, Dayton, Ohio 45405
    Defendant-Appellee, Pro Se

. . . . . . . . . . . .

HALL, J.

{¶ 1} Autovest, LLC appeals from a judgment of the Dayton Municipal Court, which granted Shawn Patterson's motion to vacate the summary judgment that the court had entered for Autovest. We conclude that Patterson failed to show that he was entitled to relief from this judgment, so we reverse.

### I. Factual and Procedural Background

{¶ 2} On March 5, 2018, Autovest filed suit against Patterson for recovery of the amount due under a retail installment contract for the purchase of a car. Patterson had co-signed the contract with his former wife, and they were in default for failing to make payments. In response to the complaint, Patterson filed a handwritten letter saying that the debt was not his but his former wife's and that she had the car.

{¶ 3} In May 2018, Autovest filed a motion for summary judgment. The trial court entered an order giving Patterson 30 days to file a response. The order said that the motion would be ruled on without an oral hearing unless one was requested by either party. Patterson did not respond. On September 20, 2018, the trial court entered summary judgment for Autovest and against Patterson in the amount of $7,156.27, plus interest.

{¶ 4} In mid-October, Patterson filed a handwritten letter with the trial court. He said that he had been waiting on a court date and that he had moved and had only received "this letter" on October 4. Patterson asked for a hearing. The filing was docketed by the clerk as a motion to vacate. The letter was not served on counsel for Autovest or acted on by the trial court.

{¶ 5} Two years later, in late August 2020, Autovest began garnishment proceedings. In mid-October, Patterson filed a handwritten letter with the trial court

complaining that he had not been given a fair chance to defend himself. The clerk of courts sent a copy of the letter to Autovest's counsel. The trial court elected to treat the filing as a motion to vacate and scheduled a hearing. A short hearing was held in February 2021, which Autovest did not attend. Patterson told the court that he did not receive notice of the summary judgment. On hearing this, the trial court ruled that summary judgment had been premature and that it would grant the motion to vacate and set the case for trial. On February 11, 2021, the trial court entered a written decision vacating the summary judgment.

{¶ 6} Autovest appeals.

## II. Analysis

{¶ 7} Autovest's sole assignment of error alleges that the trial court erred by vacating the September 2018 summary judgment.

{¶ 8} Civ.R. 60(B) relevantly provides that "the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment."

{¶ 9} "In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion." *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153, 684 N.E.2d 1237 (1997). *See also Eubank v. Anderson*, 119 Ohio St.3d 349, 2008-Ohio-4477, 894 N.E.2d 48, ¶ 4. Although a motion to vacate a judgment under Civ.R 60(B) is addressed to the discretion of the trial court, "that discretion is not unbridled." *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 12, 371 N.E.2d 214 (1978). A court considering a motion to vacate a judgment under Civ.R. 60(B) must determine that the

motion was "made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken" and that the movant has demonstrated (1) that he "has a meritorious defense or claim to present if relief is granted" and (2) that he "is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5)." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶ 10} Here, the trial court appears to have granted Patterson relief from judgment based solely on his statement that he did not know about the summary judgment:

THE COURT: Ok, let's * * * cut this short. You did not get the notice for the summary judgment, correct?

MR. PATTERSON: Nope.

THE COURT: Ok, that's all I need to hear.

* * *

THE COURT: * * * It's the court's opinion then that this summary judgment was probably prematurely entered into. At this time, the court is going to grant the motion to vacate judgment and we will get this then reset for trial upon its merits. * * *

(Tr. 5.) The trial court did not say anything at the hearing or in its written decision about whether Patterson had timely filed the motion to vacate or whether he had demonstrated that he was "entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5)" or had "a meritorious defense or claim to present if relief [were] granted."

{¶ 11} Even if we infer timely filing and that Patterson was entitled to relief under

Civ.R. 60(B)(1) or (5), we see nothing in the record on which to base a determination that Patterson has a meritorious defense to present. "We have held 'the demonstration of the existence of a meritorious defense requires a proffer of evidentiary materials upon which the movant would rely in responding' to the summary judgment motion." *Natl. Check Bur., Inc. v. Johnson*, 2d Dist. Montgomery No. 21557, 2007-Ohio-1053, ¶ 6, quoting *Dysert v. State Auto Mut. Ins. Co.*, 2d Dist. Miami No. 98-CA-46, 1999 WL 234779, *2 (Apr. 23, 1999). Patterson did not proffer any evidence, nor was there anything in the record from which it could even be inferred that evidence exists, of a meritorious defense. He did not dispute that he co-signed for the loan. His argument was that the lender should collect directly from his former wife who has, or had, the vehicle. Unfortunately for Mr. Patterson, the fact that she did not pay for the vehicle is not legally a defense for a co-signer. Because Patterson failed to demonstrate that he had a meritorious defense to Autovest's claim, he was not entitled to relief from judgment under Civ.R. 60(B). By granting him such relief, the trial court abused its discretion.

### III. Conclusion

{¶ 12} The sole assignment of error is sustained. The trial court's judgment is reversed.

. . . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Brad A. Council
Shawn Patterson
Hon. Daniel G. Gehres